■ MICHAEL SAMIANI et al., Respondents, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant, and NIAGARA FRONTIER SHEET METAL, INC., Respondent, et al., Defendant. [605 NYS2d 516] —Crew III, J. Appeal from an order of the Supreme Court (Rose, J.), entered November 23, 1992 in Broome County, which, *inter alia,* denied a motion by defendant New York State Electric & Gas Corporation for summary judgment dismissing the complaint against it.

This action arises out of injuries allegedly sustained by plaintiff Michael Samiani while performing construction work on a building owned by defendant New York State Electric & Gas Corporation (hereinafter NYSEG). NYSEG contracted with Cowper Construction Management, Inc. to act as its construction manager and agent for the project and Cowper, in turn, entered into a contract with Samiani's employer, John P. Bell & Sons, Inc. (hereinafter Bell), to perform certain heating and cooling work. Bell then contracted with defendant Niagara Frontier Sheet Metal, Inc. to perform sheet metal work for the project. Samiani was purportedly injured when he stepped on an angle iron, allegedly left on the floor in his work area by one of Niagara's workers, causing him to fall.

Plaintiffs thereafter commenced this action against, among others, NYSEG and Niagara. Issue was joined and NYSEG and Niagara cross-claimed against each other for indemnification and/or contribution. NYSEG subsequently moved for, *inter alia,* summary judgment dismissing the complaint. Niagara opposed the motion and cross-moved for summary judgment dismissing the complaint and dismissal of NYSEG's cross claim for indemnification. Supreme Court, *inter alia,* denied NYSEG's motion in its entirety, finding that questions of fact existed as to whether NYSEG had notice of the hazardous condition allegedly existing on its premises and as

to the extent of any indemnification. This appeal by NYSEG followed.

We affirm. Initially, we reject NYSEG's assertion that Supreme Court erred in denying its motion for summary judgment with respect to plaintiffs' claims under Labor Law § 200 (1). Although a property owner generally does not breach its Labor Law § 200 (1) duty when the alleged defect or hazard arises out of a detail of a subcontractor's work *(see, Comes v New York State Elec. & Gas Corp.,* 189 AD2d 945, 946, *affd* 82 NY2d 876; *Rapp v Zandri Constr. Corp.,* 165 AD2d 639, 641), the owner may be held liable where the evidence demonstrates that the owner exercised control over the work site and had actual or constructive notice of the defect or hazard leading to the injury *(see, Comes v New York State Elec. & Gas Corp., supra,* at 946; *Stephens v Tucker,* 184 AD2d 828, 829; *see also, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505).

Here, although the contract between NYSEG and Cowper specifically provided that Cowper was not responsible for, *inter alia,* the construction means or safety precautions and programs employed by the contractors, an additional condition required that the contractors obtain permission from Cowper regarding the storage of materials and equipment at the work site. Additionally, Robert Balcerzak, one of NYSEG's management employees, testified at his examination before trial that Cowper had the authority to supervise, direct and control the work of the contractors. Further, Niagara's vice-president and project manager, Glenn Stoltman, testified at his examination before trial and David Konstabel, Niagara's supervisor for the NYSEG project, averred that one of Cowper's representatives designated where Niagara's materials should be stored on site. We therefore conclude that the record contains sufficient proof to raise a question of fact as to whether NYSEG, through its agent, Cowper, exercised control over the work site and had notice of the allegedly dangerous condition, thereby precluding summary judgment.

We reach a similar conclusion with respect to plaintiffs' claim under Labor Law § 241 (6) which, *inter alia,* imposes a nondelegable duty upon a property owner to comply with the rules and regulations promulgated by the Commissioner of Labor *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-502, *supra).* To prevail, plaintiffs were required to establish a violation of an implementing regulation that sets forth a specific standard of conduct as opposed to a general reiteration of common-law principles *(see, supra,* at 502-504). Here, plaintiffs rely upon 12 NYCRR 23-1.7 (e) (2) which provides, in

relevant part, that "floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materals *[sic]* and from sharp projections". Inasmuch as plaintiffs have alleged that Samiani was injured when he stepped on materials left on the floor in his work area, Supreme Court properly denied summary judgment with respect to this cause of action.

Finally, with respect to NYSEG's indemnification claim, we are of the view that Supreme Court properly determined that resolution of this issue must await a trial as the extent of the alleged negligence of NYSEG, Cowper and Niagara cannot be determined as yet. NYSEG's remaining arguments have been examined and found to be lacking in merit.

Weiss, P. J., Mikoll, Yesawich Jr. and Cardona, JJ., concur. Ordered that the order is affirmed, without costs.