■ LEONARD J. GREGORIO, Respondent, v GETTY PETROLEUM CORPORATION et al., Appellants. GETTY PETROLEUM CORPORATION, Third-Party Plaintiff, v RAFI YACOUBIAN, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And Another Third-Party Action.) [607 NYS2d 284] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered June 11, 1993, which denied defendants' and third-party defendant-appellant's motions for summary judgment, unanimously modified, on the law, to the extent of granting the motion to dismiss plaintiff's Labor Law § 200 claim as against defendant Getty Petroleum Corporation, and otherwise affirmed, without costs.

Since plaintiff's decedent was working on a ladder at the time of the incident and was thus exposed to an "elevation-related hazard", he comes within the protection of Labor Law § 240 (1) if his death was proximately caused by such risk *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501). We agree with the IAS Court that with respect to the cause of

death, issues of fact exist precluding dismissal of plaintiff's Labor Law § 240 (1) cause of action. Among other materials raising this issue is the amended certificate of death listing the cause of death as electrocution while soldering, and the earlier autopsy report prepared by the same doctor revealing no indications of electrocution and listing the cause of death as "undetermined". We also agree with the IAS Court that a question of fact exists whether defendant Getty Petroleum was the owner of the lamp pole where the accident occurred, and that should Getty be the owner, it is to be held liable simply by virtue of "[t]he very presence of the structure on its property" *(Gordon v Eastern Ry. Supply,* 82 NY2d 555, 560). However, we agree with Getty that plaintiff's Labor Law § 200 claim should be dismissed as against it, there being no evidence that Getty exercised supervisory control or had any role in the installation of the subject sign *(see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876). Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Williams, JJ.