■ RICHARD BAIRD, Appellant-Respondent, v LYDALL, INC., MANNING DIVISION, Respondent-Appellant, and FONTAINE CONSTRUCTION CORPORATION, Defendant and Third-Party Plaintiff-Respondent. BAST HATFIELD, INC., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant. [619 NYS2d 800] —White, J. Cross appeals from an order of the Supreme Court (Keegan, J.), entered December 10, 1993 in Albany County, which, *inter alia,* partially granted cross motions by defendants Lydall, Inc., Manning Division, and Fontaine Construction Corporation and third-party defendant Bast Hatfield, Inc. for summary judgment dismissing the complaint.

In 1989, defendant Lydall, Inc., Manning Division, retained third-party defendant Bast Hatfield, Inc. to act as the general contractor for the construction of a warehouse on property Lydall owned. Bast Hatfield, in turn, hired defendant Fontaine Construction Corporation to build sheetrock walls for an office located in the warehouse. In the performance of this

task, Fontaine installed approximately 40 feet of U-channel metal track onto the concrete floor.[1]

On October 24, 1989, plaintiff, while performing carpentry work for his employer, Bast Hatfield, fell and lacerated his thumb on the U-channel metal track. Thereafter, he commenced this personal injury action predicated upon common-law negligence and Labor Law §§ 200, 240 (1) and § 241 (6). Fontaine then commenced a third-party action against Bast Hatfield and third-party defendant J.R. Builders Supply Corporation, the vendor of the U-channel metal track. Following discovery, J.R. Builders moved for summary judgment dismissing the third-party complaint while Lydall, Bast Hatfield and Fontaine cross-moved for summary judgment seeking dismissal of plaintiff's complaint.

Supreme Court, *inter alia,* granted the cross motions to the extent of dismissing plaintiff's claims based on Labor Law § 240 (1) and § 241 (6). Plaintiff appeals from that aspect of Supreme Court's order while Lydall and Bast Hatfield appeal from that portion of the order denying their cross motion dismissing plaintiff's causes of action founded on common-law negligence and Labor Law § 200.[2]

To sustain a cause of action under Labor Law § 241 (6), a plaintiff must show that the defendant breached a regulation containing specific commands and standards as opposed to one that merely incorporates the general common-law standard of care *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 503). In this instance, plaintiff is relying on 12 NYCRR 23-1.7 (e) (2), which provides in pertinent part that "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free from * * * sharp projections insofar as may be consistent with the work being performed".

As we have found that this regulation sets forth a specific standard of care, and as plaintiff submitted evidentiary proof showing that an exposed unguarded edge of a U-channel metal track is unduly hazardous and poses an unreasonable risk of injury to persons in close proximity of it, Supreme Court should not have dismissed plaintiff's cause of action predicated upon Labor Law § 241 (6) *(see, Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796).

Where, as here, the alleged hazard arises out of a detail of a

---

1. U-channel metal track is a long flat piece of metal which is machined so that one inch on either end is folded upright.

2. As plaintiff's brief does not discuss the dismissal of his cause of action under Labor Law § 240 (1), we deem that cause of action abandoned.

subcontractor's work, property owners may be held liable under common-law negligence or Labor Law § 200 only if they exercised supervisory control over the operation *(see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Lombardi v Stout,* 80 NY2d 290, 295).* Inasmuch as the record indisputably shows that Lydall did not exercise such control over Fontaine, Supreme Court should have granted the cross motion dismissing these claims of plaintiff *(see, Gregorio v Getty Petroleum Corp.,* 201 AD2d 278).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motions dismissing plaintiff's Labor Law § 241 (6) cause of action and as denied the cross motion dismissing plaintiff's common-law negligence and Labor Law § 200 causes of action; deny said cross motions as to the Labor Law § 241 (6) cause of action, grant the cross motion as to plaintiff's common-law negligence and Labor Law § 200 causes of action, and dismiss said causes of action; and, as so modified, affirmed.