■ JOHN F. ADAMS et al., Respondents, v GLASS FAB, INC., et al., Appellants and Third-Party Plaintiffs-Appellants. MICHAEL LEMMON, Doing Business as MAK'S MASONRY, Third-Party Defendant-Respondent. [624 NYS2d 705] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action against Glass Fab, Inc. (Glass Fab), as owner, and R. J. Taylor General Contractors, Inc. (Taylor), as construction manager, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence. John F. Adams (plaintiff) sought damages for personal injuries he suffered when he tripped on wire mesh that had been placed on the floor area where concrete was to be poured. The concrete is poured over the mesh, which serves as reinforcement for the concrete. Plaintiff, who was employed by Comac Builder's Supply Corp. (Comac) as a cement truck operator, had pulled the truck onto the wire mesh at the direction of an employee of either Taylor or Mak's Masonry (Mak's), the masonry contractor. He exited the truck to operate the cement pouring equipment, tripped on the wire mesh and allegedly sustained injuries. Plaintiff Janis Adams asserted a derivative cause of action.

Plaintiff withdrew the Labor Law § 240 (1) cause of action and defendants moved for summary judgment dismissing the remaining causes of action or, in the alternative, for an order of indemnification against Mak's, the third-party defendant. Supreme Court denied defendants' motions.

The Labor Law § 241 (6) cause of action should have been dismissed. To make out a prima facie cause of action pursuant to Labor Law § 241 (6), plaintiffs must allege that defendants violated a rule or regulation of the Commissioner of Labor that sets forth a specific standard of conduct as opposed to a general reiteration of common-law principles (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502-504; Samiani v New York State Elec. & Gas Corp., 199 AD2d 796, 797). Plaintiffs allege that defendants violated 12 NYCRR 23-1.7 (e), which provides:

"(e) *Tripping and other hazards.* (1) *Passageways.* All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered.

"(2) *Working areas.* The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

Defendants argue that 12 NYCRR 23-1.7 (e) is not specific enough to support a Labor Law § 241 (6) cause of action. We disagree (see, Samiani v New York State Elec. & Gas Corp., supra; see also, Durfee v Eastman Kodak, 212 AD2d 971 [decided herewith]; Baird v Lydall, Inc., Manning Div., 210 AD2d 577). In our view, however, the Labor Law § 241 (6) cause of action must be dismissed because the regulation cited has no application to the facts of this case (see, Stairs v State St. Assocs., 206 AD2d 817). The provisions of 12 NYCRR 23-1.7 (e) (1) apply to passageways, and plaintiff John Adams was not in a passageway when he tripped. The provisions of 12 NYCRR 23-1.7 (e) (2) prohibit the accumulation of dirt, debris, scattered tools, and materials in work areas. Here, however, the wire mesh upon which plaintiff tripped had been set down in the area where concrete was to be poured. The wire mesh was an integral part of the floor that was being constructed. Under no reasonable view could the wire mesh be considered the equivalent of dirt, debris, or "scattered tools and materials" (12 NYCRR 23-1.7 [e] [2]).

Glass Fab was entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against it. "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches

to the owner under the common-law or under Labor Law § 200" *(Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *see also, Lombardi v Stout,* 80 NY2d 290, 295; *Hamby v High Steel Structures,* 134 AD2d 884, 885). In support of its motion, Glass Fab submitted evidence demonstrating that it did not direct or control the work. In opposition, plaintiffs submitted the affidavit of their attorney indicating that the motion was premature because discovery was not yet complete. Plaintiffs' action had been pending for almost two years, however, giving plaintiffs sufficient time for discovery on the control issue *(see, Witte v Incorporated Vil. of Port Washington N.,* 114 AD2d 359). Moreover, plaintiffs made no showing that the facts needed to oppose the motion for summary judgment were exclusively within Glass Fab's knowledge *(see,* CPLR 3212 [f]; *C.F.C. Realty Corp. v Empire Fire & Mar. Ins. Co.,* 110 AD2d 508, 509).

The court properly held that questions of fact exist concerning Taylor's direction and control of the job site to preclude dismissal of the Labor Law § 200 and common-law negligence causes of action against Taylor *(see, Samiani v New York State Elec. & Gas Corp., supra,* at 797). Likewise, the court properly concluded that, given the questions of fact concerning Taylor's negligence, it would be premature to determine the issue of common-law indemnification *(see, Damon v Starkweather,* 185 AD2d 633). The court also properly denied that part of Taylor's motion seeking an order of contractual indemnification against Mak's. The indemnification clause, insofar as it purported to require Mak's to indemnify Taylor for Taylor's own negligence, is void as against public policy *(see, Kinney v Lisk Co.,* 76 NY2d 215). Finally, because the contract between Glass Fab and Mak's did not contain a provision requiring waivers to be in writing *(cf., Edwards v International Bus. Machs. Corp.,* 174 AD2d 863, 864), the court properly found questions of fact on the issues of waiver and estoppel *(see, Hayes v Crane Hogan Structural Sys.,* 191 AD2d 978, 979-980). (Appeals from Order of Supreme Court, Monroe County, Siragusa, J.—Labor Law § 241 [6].) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.