■ NICHOLAS COLUCCI, Appellant, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Respondents. STRUCTURE TONE, INC., Third-Party Plaintiff-Respondent, v ZWICKLER ELECTRIC COMPANY, INC., Third-Party Defendant-Respondent. [630 NYS2d 515] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered August 16, 1994, to the extent it dismissed plaintiff's cause of action pursuant to Labor Law § 241 (6), unanimously reversed, on the law and the facts, without costs, and the cause of action reinstated.

The complaint alleges that plaintiff Nicholas Colucci, an electrician employed by third-party defendant Zwickler Electric Company, was injured while installing electrical conduits in the kitchen ceiling of the Sheraton City Squire Hotel. While Colucci was working, employees of the hotel were using the kitchen to cater an affair being held in the ballroom. As Colucci stepped off a ladder, his foot slipped on food that was allegedly left on the floor after falling from dirty dishes carried through the work area by a hotel employee. This allegedly occurred notwithstanding a specific warning from a Zwickler foreperson that safety guidelines for work in kitchen areas prohibited the bringing of food and dirty dishes into the work area while renovations were in progress.

Based on these facts, plaintiff alleged, among others, a cause of action against the owner of the premises and Structure Tone, Inc., the general contractor, for violations of nondelegable duties pursuant to Labor Law § 241 (6) and Industrial Code (12 NYCRR) § 23-1.7 (d) and (e) (1) and (2). The IAS Court held that because the regulations at issue are "merely a general admonition", under *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494) they cannot give rise to a nondelegable duty under Labor Law § 241 (6), and dismissed the cause of action. We reverse because we read the Industrial Code regulations that were allegedly violated as containing sufficient "concrete specifications" to meet the standard for imposing a nondelegable duty as set forth in *Ross v Curtis-Palmer Hydro-Elec. Co. (supra,* at 505).

To prevail under Labor Law § 241 (6), the plaintiff is required to establish a violation of an implementing regulation that sets forth a specific standard of conduct as opposed to a general reiteration of common-law principles (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 502-504). Where the Industrial Code provision relied upon mandates compliance by invoking " '[g]eneral descriptive terms' " defined with general safety standards rather than "concrete specifications", the plaintiff cannot benefit from the reduced burden of proof applicable to causes of action under Labor Law § 241 (6) (*supra,* at 505). Here, plaintiff relies upon 12 NYCRR 23-1.7 (d) and (e). The former prohibits employees from using a "floor, passageway, walkway * * * which is in a slippery condition" and contains the command that "[i]ce, snow, water, grease and *any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing*" (emphasis added). The latter regulation mandates that "floors, platforms and similar areas where persons work or pass *shall be kept*

*free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections"* (emphasis added). As these sections contain "specific, positive command[s]" that surpass the "routine incorporation of the ordinary tort duty of care into the Commissioner's regulations" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 504; *see, Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796 [plaintiff injured by tool left on the floor, Third Department held section 23-1.7 (e) (2) of the Industrial Code sets forth a specific standard of care]; *see also, Baird v Lydall Inc.,* 210 AD2d 577) with respect to keeping the floor of the work area free of "slipping hazards" (12 NYCRR 23-1.7 [d]) and "tripping hazards" (12 NYCRR 23-1.7 [e]), the court erred in dismissing plaintiff's Labor Law § 241 (6) cause of action.

We note that defendants' alternative contention that food cannot constitute "dirt" or "debris" borders on the frivolous. Concur—Ellerin, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.