■ GARY WHITE et al., Respondents-Appellants, v FARASH CORP., Also Known as FARASH DEVELOPMENT CORPORATION, et al., Appellants-Respondents. (And a Third-Party Action.) [637 NYS2d 558] —Order unanimously affirmed without costs. Memorandum: Gary White (plaintiff), an employee of third-party defendant Per-Con Electric Corp. (Per-Con), suffered injuries while working on a building renovation project at 134 East Main St., Rochester. The building was owned by defendants,

Farash Corp., also known as Farash Development Corporation, and Max Farash (collectively Farash); Farash was also the general contractor for the project. While working on the installation of a fire alarm system on the first floor of the building, plaintiff stepped off the last rung of a ladder and stepped on a three-inch piece of angle iron that had been left on the floor by either Farash employees or the employees of another subcontractor. Plaintiff did not fall, but he felt his knee "pop".

Supreme Court properly dismissed the cause of action pursuant to Labor Law § 240 (1) because plaintiff's accident was not "gravity-related" *(Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 491; *see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 561; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514).

The court properly denied the motion of Farash to dismiss the Labor Law § 241 (6) cause of action. In an affidavit in opposition to Farash's motion, plaintiff's attorney alleged that Farash violated 12 NYCRR 23-2.1, a regulation specific enough to serve as the predicate for a Labor Law § 241 (6) cause of action *(see, Adams v Glass Fab,* 212 AD2d 972; *Baird v Lydall, Inc.,* 210 AD2d 577, 578; *Samiani v New York State Gas & Elec. Corp.,* 199 AD2d 796, 797). The fact that plaintiff did not cite that regulation in either his complaint or bill of particulars does not require dismissal of that cause of action.

The court did not err in denying the motion of Farash to dismiss the Labor Law § 200 and common-law negligence causes of action. Questions of fact exist whether the workers who created the dangerous condition were employed by Farash, over whose work Farash had direct supervision on the day in question *(cf., Mamo v Rochester Gas & Elec. Corp.,* 209 AD2d 948, *lv dismissed* 85 NY2d 924). (Appeals from Order of Supreme Court, Monroe County, Ark, J.—Labor Law.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.