■ JOHN J. CAFARELLA, Respondent, v HARRISON RADIATOR DIVISION OF GENERAL MOTORS, Appellant. [654 NYS2d 910] —Or-

der unanimously affirmed with costs. Memorandum: Plaintiff, a laborer employed by third-party defendant, Sicoli and Massaro, Inc., suffered injuries when he slipped and fell while working in the rear bed of a dump truck loading aluminum scaffolding and spandrels from a construction site onto the truck. The record establishes that it had been raining earlier that day and that the building materials, as well as the rear bed of the truck, were wet, muddy and oily. Plaintiff commenced this action against the owner of the construction site, alleging a cause of action for negligence as well as causes of action under Labor Law §§ 200, 240 (1), and § 241 (6). Supreme Court granted defendant's motion for summary judgment in part by dismissing the causes of action based upon negligence and Labor Law §§ 200 and 240 (1), but denied the motion insofar as it sought dismissal of the Labor Law § 241 (6) cause of action.

We conclude that the court properly denied that part of defendant's motion seeking dismissal of the Labor Law § 241 (6) cause of action. "To make out a prima facie cause of action pursuant to Labor Law § 241 (6), plaintiff[ ] must allege that defendant[ ] violated a rule or regulation of the Commissioner of Labor that sets forth a specific standard of conduct as opposed to a general reiteration of common-law principles" (*Adams v Glass Fab*, 212 AD2d 972, 973; *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502-504; *Dombrowski v Schwartz*, 217 AD2d 914, 915). In opposition to defendant's motion, plaintiff alleged that defendant violated 12 NYCRR 23-1.7 (d) and (e) and 23-2.1 (a) (1).

Section 23-1.7 (d) of the Industrial Code (12 NYCRR subch A) provides that employers shall not suffer or permit employees to use, *inter alia,* a floor, platform or other elevated working surface that is in a slippery condition and requires employers to remove, sand or cover ice, snow, water, grease and any other foreign substance that may cause slippery footing. That section is specific enough to support a Labor Law § 241 (6) cause of action (*Durfee v Eastman Kodak Co.*, 212 AD2d 971, 972, *lv dismissed* 85 NY2d 968). Plaintiff's affidavit in opposition to defendant's motion to dismiss is sufficient to raise a question of fact whether there was a violation of that regulation and, if so, whether that violation was a proximate cause of the accident (*see, Gaul v Motorola, Inc.*, 216 AD2d 879, 880).

Plaintiff also alleged that defendant violated 12 NYCRR 23-1.7 (e), which is entitled *"Tripping and other hazards."* We conclude that section 23-1.7 (e) (1) does not apply because the truck bed does not constitute a passageway (*see, Basile v ICF Kaiser Engrs. Corp.*, 227 AD2d 959; *Adams v Glass Fab, supra,*

at 973). 12 NYCRR 23-1.7 (e) (2), however, provides that working areas shall be kept free from the accumulation of dirt and debris and from scattered tools and materials "insofar as may be consistent with the work being performed." That regulation arguably applies in the circumstances of this case and is sufficient to support a Labor Law § 241 (6) cause of action.

Finally, although 12 NYCRR 23-2.1 (a) (1) is specific enough to support a Labor Law § 241 (6) cause of action (*see, Lehner v Dormitory Auth.*, 221 AD2d 958, 959), we conclude that it does not apply in the circumstances of this case because the truck bed where plaintiff was working does not constitute a passageway, walkway or other thoroughfare. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Balio and Boehm, JJ.