■ JOSEPH LENARD et al., Appellants, v 1251 AMERICAS ASSOCIATES et al., Respondents and Third-Party Plaintiffs-Respondents. FRED LUMPP & SON, INC., et al., Third-Party Defendants-Respondents. [660 NYS2d 416] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about February 26, 1996, which granted defendants' motion for summary judgment dismissing the complaint and granted the cross-motions of the third-party defendants Fred Lumpp & Son, Inc. and Coopers and Lybrand for summary judgment dismissing the complaint and the third-party complaint, modified, on the law, to deny the motions insofar as they dismissed

claims based upon 12 NYCRR 23-1.7 (e) (2) and to reinstate those causes of action, and otherwise affirmed, without costs.

According to the evidence offered by plaintiff Joseph Lenard in opposition to defendants' motion for summary judgment, on January 5, 1988, he reported to work at a construction site on the 41st floor of an office building. The floor was clean, swept, and vacant and there were wall partitions leaning against the walls.

The foreman instructed plaintiff to move some rolled-up carpeting and unhung doors across an open area which measured about 50 feet by 50 feet. As he crossed the room, plaintiff tripped on a door stop which was affixed to the concrete floor. Nothing else in the area was affixed to the floor, and there were no door frames, doors, entrances or offices in the area. He did not see the door stop before he tripped but later observed that it was half moon shaped, raised about three-quarters of an inch to an inch and one-half above the floor, secured to the floor and the same color as the concrete.

Labor Law § 241 (6) provides, in pertinent part, that all areas where construction is being performed should provide reasonable and adequate protection and safety to persons employed in or frequenting such areas. To prevail on a cause of action under section 241 (6), however, a plaintiff must establish a violation of a specific safety regulation promulgated by the Commissioner of the Department of Labor (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505; *Kulis v Xerox Corp.*, 231 AD2d 922).

The regulation which plaintiff claims was violated in this matter is 12 NYCRR 23-1.7 (e), which provides:

"Tripping and other hazards.

"(1) *Passageways*. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered.

"(2) *Working areas*. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

Here, the motion court correctly held that plaintiffs do not have a cause of action based on a violation of 12 NYCRR 23-1.7 (e) (1), because plaintiff fell and was injured in an open area rather than in a "passageway" (*see, Kulis v Xerox Corp., supra; see also, Stairs v State St. Assocs.*, 206 AD2d 817).

However, we find that the motion court erred in dismissing plaintiff's claim pursuant to paragraph (2) of 12 NYCRR 23-1.7 (e).

While the defendants and third-party defendants place reliance on the fact that liability will not be imposed where the item causing the injury was an integral part of the floor being constructed, an integral part of the work being performed, or itself constituted a protective device (*see, Sharrow v Dick Corp.*, 233 AD2d 858; *Kulis v Xerox Corp., supra; Adams v Glass Fab*, 212 AD2d 972), this reliance is misplaced in this matter because the floor itself was not under construction, the door stop did not constitute an integral part of the work being performed, and the door stop cannot be deemed a protective device.

Moreover, we find that the door stop, as described in plaintiff's unrefuted testimony, constitutes both "debris" and a "sharp projection" within the meaning of this paragraph (*see, McAndrew v Tennessee Gas Pipeline Co.*, 216 AD2d 876; *Baird v Lydall, Inc., Manning Div.*, 210 AD2d 577, 578-579).

First, while defendants suggest that we should limit the definition of "sharp projection" to projections which are capable of cutting or puncturing, such a definition would be inordinately narrow in this context. "It is an elementary rule of statutory construction that when a definite provision is made with reference to one particular subdivision of a section of the law dealing with the identical subject matter as the other subdivisions thereof, and a similar reference is omitted from the other subdivisions thereof as well as from all of the rest of the section, the particular reference is intended to apply solely to the subdivision in which it is contained and to exclude its application from all of the rest." (*Cannon v Towner*, 188 Misc 955, 965; *see also*, McKinney's Cons Laws of NY, Book 1, Statutes § 254.) Here, since the paragraph immediately preceding the one at issue specifically limited the "[s]harp projections" to which it applied to those "which could cut or puncture any person" and since the "sharp projections" to which the paragraph involved herein applies were not so limited, we must interpret the term as found in the latter paragraph more broadly. Thus, it is apparent that the appropriate definition in the latter paragraph would include any projection that is "sharp" in the sense that it is clearly defined or distinct.[1] The door stop that allegedly caused plaintiff to fall clearly comes

---

1. "Sharp" is defined in Webster's Third New International Dictionary 2088 (1986 ed) as, *inter alia*: "set forth with clarity and distinctness and usu-[ally] with marked contrast between elements: free from shading or transi-

within this definition, as it was not a gradual change in the level of the floor but was, instead, a distinct object jutting out from the rest of the floor's surface.

In any case, the door stop, which was apparently left on the floor when the former partition walls and doors were dismantled, also clearly constitutes "debris".[2] Additionally, the fact that it was the same color as the floor and firmly fixed to the floor made it even more of a tripping hazard than loose dirt, which is also covered by the subject regulation, as it was both difficult to see and more likely to cause someone to trip.

Finally, we find that the motion court correctly dismissed plaintiff's Labor Law § 200 and negligence causes of action, there being no evidence that defendant owners or the general contractor exercised supervisory control over the worksite (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d, *supra*, at 505-506). Concur—Rosenberger, J. P., Ellerin and Rubin, JJ.

Tom and Andrias, JJ., dissent in a memorandum by Andrias, J., as follows: I would affirm.

The motion court correctly held that plaintiffs do not have a cause of action under Labor Law § 241 (6) and 12 NYCRR 23-1.7 (e) (1). Paragraph (1) refers to tripping and other hazards in passageways and here plaintiff fell and was injured in an open floor area rather than in a "passageway" (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505; *Kulis v Xerox Corp.*, 231 AD2d 922; *cf., Stairs v State St. Assocs.*, 206 AD2d 817). The IAS Court was also correct in finding that paragraph (2) of 12 NYCRR 23-1.7 (e) does not apply because the doorstop on which plaintiff tripped is not dirt, debris, scattered tools or materials or a sharp projection (*see, Kulis v Xerox Corp., supra; compare, Baird v Lydall, Inc., Manning Div.*, 210 AD2d 577; *Samiani v New York State Elec. & Gas Corp.*, 199 AD2d 796). While this three-quarters of an inch to an inch and one-half, half-moon shaped doorstop might be considered a "distinct" object, no amount of linguistic analysis can make the object a sharp projection, as the majority urges. The danger to be protected against here is cutting or puncturing (*see, Baird v Lydall, Inc., Manning Div.*, 210 AD2d 577, *supra* [where a carpenter fell and *lacerated* his thumb on a 40-foot U-shaped metal track with an unguarded metal *edge*]).

---

tion"; "involving marked change and usu[ally] increase of gradient * * * appearing as if cut off clean: clear in outline or detail: DISTINCT"; *see also,* Merriam-Webster's Collegiate Dictionary (10th ed 1995) ("involving an abrupt or marked change esp. in direction").

**2.** "Debris" is defined in Webster's Third New International Dictionary 582 (1986 ed) as, *inter alia:* "the remains of something broken down or destroyed".

Plaintiff's Labor Law § 200 and negligence causes of action were also properly dismissed, there being no evidence that defendant owners or the general contractor exercised supervisory control over the worksite (*see, Baird v Lydall, Inc., Manning Div., supra*, at 578-579), or had actual or constructive notice of a dangerous condition.