JEROME F. SCHLEY et al., Respondents, v DANCO
CONSTRUCTION, INC., Defendant, BEN-MIL ASSOCIATES, INC., et
al., Appellants, and ARMOND CERRONE, INC., Respondent. [678
NYS2d 202] —Order unanimously affirmed with costs. Memoran-
dum: Supreme Court properly denied that part of the cross mo-
tion of Ben-Mil Associates, Inc., and Benderson Development
Co., Inc. (defendants), seeking summary judgment dismissing
the Labor Law § 241 (6) claim premised upon an alleged viola-
tion of 12 NYCRR 23-1.7 (e) (2). That regulation provides in
pertinent part that "areas where persons work or pass shall be
kept free from accumulations of dirt and debris * * * insofar
as may be consistent with the work being performed." The
court properly determined that issues of fact remain whether
defendants violated that specific safety regulation (*see, Adams
v Glass Fab*, 212 AD2d 972) and whether such violation was a
proximate cause of the accident. Additionally, we conclude that
there is an issue of fact concerning the applicability of the
regulation. The accident occurred in an area bisected by newly
poured curb and covered with loose stone and debris. It cannot
be determined as a matter of law that the area at issue is sep-
arate from the place at which road construction was being
performed (*cf., Stairs v State St. Assocs.*, 206 AD2d 817).
Defendants contend that plaintiff Jerome F. Schley tripped
over curbing or stone that was an integral part of the road be-
ing constructed (*see, Lenard v 1251 Ams. Assocs.*, 241 AD2d
391; *Adams v Glass Fab, supra*, at 973). It is equally feasible,
however, that crushed stone and debris left from the construc-
tion were substantial factors in his fall. (Appeal from Order of
Supreme Court, Niagara County, Koshian, J.—Summary
Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Balio
and Boehm, JJ.