◼ Louis Vieira, Appellant, v Tishman Construction Corporation et al., Respondents and Third-Party Plaintiffs-Respondents. Alumni Plumbing & Heating Corp. et al., Third-Party Defendants-Respondents. [679 NYS2d 618] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about October 8, 1997, which, in an action by a laborer against the owner, general contractor and a subcontractor at a construction site, insofar as appealed from, granted summary judgment dismissing plaintiff's Labor Law § 241 (6) causes of action against all of the defendants, and all of plaintiff's causes of action against the subcontractor, unanimously affirmed, without costs.

Plaintiff tripped over wire mesh installed on top of a metal grid, known as "Q-decking", covering an unfinished floor of the building under construction, which mesh becomes part of the structure of the floor when concrete is poured in the Q-decking. Although the Industrial Code regulations cited by plaintiff (12 NYCRR 23-1.7 [e] [1], [2]) are sufficiently specific to support a Labor Law § 241 (6) cause of action (*Adams v Glass Fab*, 212 AD2d 972), plaintiff fails to raise an issue of fact as to whether there was a violation of either provision, since, as to the first, he was injured not in a passageway but while working in an open area, and, as to the second, which plaintiff appears to have abandoned on appeal, the wire mesh over which he tripped was an integral part of the floor being constructed

(*supra*; *see also, Lenard v 1251 Ams. Assocs.*, 241 AD2d 391, 392, *appeal withdrawn* 90 NY2d 937; *Garcia v Renaissance Gardens Assocs.*, 242 AD2d 463, 464). Were we to consider plaintiff's cause of action under Labor Law § 200 (1) against the subcontractor who installed the Q-decking, improperly argued on appeal for the first time by plaintiff only in his reply brief, we would reject it as meritless, there being no evidence that, at the time of plaintiff's injury, the subcontractor had any supervisory authority or control over the work on the floor where the accident occurred (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877). We note that the subcontractor's undisputed lack of authority to control plaintiff's work at the time of the accident would independently require dismissal of plaintiff's Labor Law § 241 (6) cause of action as against it (*cf., Leon v J & M Peppe Realty Corp.*, 190 AD2d 400, 408). Finally, because plaintiff, after completion of disclosure and the filing of a note of issue, failed to adduce evidence sufficient to defeat any portion of the subcontractor's summary judgment motion, his cross motion for permission to serve an amended complaint and bill of particulars on the subcontractor was properly denied as academic. Concur—Sullivan, J. P., Nardelli, Williams and Mazzarelli, JJ.