■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON ABRAMS, Appellant. [683 NYS2d 223] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered November 9, 1995, convicting defendant, upon his plea of guilty, of two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to consecutive terms of 6½ to 13 years and 6 to 12 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The record reveals that there was no suggestiveness in the conduct of the lineups, and that all participants appeared sufficiently similar so that there was no substantial likelihood that defendant would be singled out for identification (*see, People v Cheung,* 255 AD2d 102).

The existing record, which defendant has not sought to amplify by way of a CPL article 440 motion, establishes that defendant received effective assistance of counsel (*People v Baldi,* 54 NY2d 137). Concur—Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.

■ JOSE A. MENDOZA, Appellant, v MARCHE LIBRE ASSOCIATES, Defendant, and McDEE CONSTRUCTION, Respondent. (And a Third-Party Action.) [681 NYS2d 517] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered October 22, 1997, which, *inter alia,* granted the motion of defendant McDee Construction to dismiss plaintiff's Labor Law § 241 (6) cause of action, unanimously affirmed, without costs.

The motion court properly dismissed plaintiff's Labor Law § 241 (6) cause of action predicated upon violations of 12 NYCRR 23-1.7 (e) and 23-2.1 (b). While we have held that violations of section 23-1.7 (e) (1) may support a Labor Law § 241 (6) cause of action (*Farina v Plaza Constr. Co.,* 238 AD2d 158), we agree with the motion court that the dumpster where plaintiff stepped on a nail does not constitute a "passageway" pursuant to that regulation, and, accordingly, that that regulation is not applicable to the facts at bar (*see, Cafarella v Harrison Radiator Div.,* 237 AD2d 936; *Basile v ICF Kaiser Engrs. Corp.,* 227 AD2d 959; *Adams v Glass Fab,* 212 AD2d 972). The other regulation upon which plaintiff relies, 12 NYCRR 23-2.1 (b), does not sufficiently set forth "a specific standard of conduct as opposed to a general reiteration of common-law principles" for its violation to qualify as a predicate for a Labor Law § 241 (6) cause of action (*Adams v Glass Fab, supra,* at 973; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502-504). Concur—Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.