■ TIMOTHY CONWAY et al., Appellants, v BETH ISRAEL MEDICAL CENTER, Respondent. [691 NYS2d 576] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Miller, J.), dated May 12, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Timothy Conway (hereinafter Conway), while employed as a construction worker, stepped on an A-Frame dolly in a storage room in a building owned by the defendant, Beth Israel Medical Center (hereinafter Beth Israel). The dolly moved about a foot and Conway's knee buckled causing him to fall and hit his shoulder on a compressor.

The Supreme Court properly dismissed the plaintiffs' Labor Law § 200 claim because there was insufficient evidence in the record to create an issue of fact as to whether Beth Israel directed or controlled Conway's work (*see, Rosemin v Oved,* 254 AD2d 343; *Akins v Baker,* 247 AD2d 562). Additionally, an owner's duty to provide a safe workplace does not include protecting workers from dangers which, as here, are readily apparent (*see, Rottkamp v American Ref-Fuel Co.,* 251 AD2d 644; *Duclos v Bisordi,* 209 AD2d 376).

The plaintiffs' Labor Law § 240 claim was also properly dismissed in light of the fact that Conway's work did not involve an elevation-related risk (*see, Melber v 6333 Main St.,* 91 NY2d 759; *Sousa v American Ref-Fuel Co.,* 258 AD2d 514; *Masullo v City of New York,* 253 AD2d 541; *Duffy v Bass & D'Allesandro,* 245 AD2d 333).

Finally, the Supreme Court properly dismissed the Labor Law § 241 (6) claim. The Industrial Code provisions relied upon by the plaintiff, 12 NYCRR 23-1.7 (e) (1) and (2), are not applicable to the facts of this case. The storeroom in which Conway was injured was not a "passageway" as required by 12 NYCRR 23-1.7 (e) (1) (*see, Mendoza v Marche Libre Assocs.,* 256 AD2d 133; *Vieira v Tishman Constr. Corp.,* 255 AD2d 235; *Maynard v DeCurtis,* 252 AD2d 908; *Lenard v 1251 Ams. Assocs.,* 241 AD2d 391; *Cafarella v Harrison Radiator Div.,* 237 AD2d 936). With regard to 12 NYCRR 23-1.7 (e) (2), the storeroom was not a "working area", and the A-Frame was not a "scattered tool", but rather was in its proper place. Friedmann, J. P., Krausman, McGinity and Feuerstein, JJ., concur.