■ JOSEPH CANNING et al., Respondents, v BARNEYS NEW YORK et al., Respondents, and FISCHBACH & MOORE, INC., Appellant. [734 NYS2d 116] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered June 13, 2000, which, *inter alia*, denied defendant Fischbach & Moore, Inc.'s cross motion for summary judgment dismissing the cross claims against it, and granted plaintiffs' cross motion for leave to file a supplemental bill of particulars to the extent of adding an allegation of a violation of Industrial Code (12 NYCRR) § 23-2.1 (b), unanimously modified, on the law, to the extent of granting the cross motion for summary judgment, dismissing the cross claims against defendant Fischbach & Moore, Inc., denying the cross motion for leave to serve and file a supplemental bill of particulars, and, upon a search of the record, granting defendants Slattery Associates, Inc. and J. Slattery Contracting, Inc. summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) claims against them, and otherwise affirmed, without costs.

Plaintiff was injured when he fell while carrying a bundle of electrical conduit weighing over 100 pounds to his work site, located on the main floor of a building under construction at a sewage treatment plant. Plaintiff described the structure as consisting of an outer wall situated about 40 feet from, and completely surrounding, an inner wall. Plaintiff's assignment involved running conduit in a room located within the inner wall at the approximate center of the building.

Entry to the building was gained through a "bay door, like a garage door," beyond which were piles of ductwork and other building materials being unloaded as well as dumpsters containing construction debris. Plaintiff obtained the bundle of conduit from a storage shed located some 120 to 150 feet across from the entrance. He had progressed about 20 feet into the interior of the structure when his right foot became ensnared in the remnants of a coil of tie wire, which formed a loop projecting about 18 inches from the wheel of a dumpster around which it had become entangled. Plaintiff was midway between the outer and inner walls and approximately 100 feet from his work site when he fell, sustaining injury to his lower back.

It is well settled that the proponent of a Labor Law § 200 claim must demonstrate that the defendant had actual or constructive notice of the alleged unsafe condition that caused the accident (*Nevins v Essex Owners Corp.*, 276 AD2d 315, 316, *lv denied* 96 NY2d 705). Moreover, the notice must be of the specific condition and of its specific location (*Gordon v American Museum of Natural History*, 67 NY2d 836, 838). Here, plaintiffs failed to rebut Fischbach's prima facie showing that it lacked actual or constructive notice of the tie wire in the area where plaintiff allegedly fell. Plaintiff was only able to demonstrate that complaints were made about the debris, in general, at the construction site. No evidence was submitted to raise a question of fact as to whether this defendant had notice of the condition. The IAS court should have dismissed the Labor Law § 200 claims and the similar common-law claim for lack of actual or constructive notice.

The Labor Law § 240 (1) claim should have been dismissed as well. It is undisputed that plaintiff fell at ground level and an elevation-related risk was not implicated. Therefore, the section 240 (1) claim fails.

Similarly, the Labor Law § 241 (6) claim based on violations of section 23-2.1 (b) of the Industrial Code (12 NYCRR) cannot be successfully maintained. Section 23-2.1 (b), which merely states that debris is not to be disposed of in a manner that would endanger anyone, lacks the specificity required to qualify

as a predicate for section 241 (6) liability (12 NYCRR 23-2.1 [b]; *Lynch v Abax, Inc.*, 268 AD2d 366; *see Mendoza v Marche Libre Assocs.*, 256 AD2d 133). Plaintiffs' cross motion for leave to file a supplemental bill of particulars adding this Code violation should have been denied.

However, plaintiff's remaining Labor Law § 241 (6) claim was properly stated. To make out a cause of action under Labor Law § 241 (6), plaintiff is obliged to establish that he was injured in a passageway or a working area, as defined in Industrial Code (12 NYCRR) § 23-1.7 (e). Paragraphs (1) and (2) state:

"(1) Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered.

"(2) Working Areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

It is uncontested that, at the time of the accident, the concrete floors of the subject building had been poured and that the surface on which plaintiff fell was a "floor" contained within the outer wall of the structure. It is also clear that the location where plaintiff fell was in constant use as a work site for the loading and unloading of construction material and debris. Although the accident did not occur in plaintiff's own work area, there can be no question that plaintiff was required to "pass" through the area in which he fell in order to reach his work area. At his examination before trial, plaintiff testified that he was required to transport his own materials to the job site and that the bay entrance was the only way to enter the building. Furthermore, plaintiff indicated that the path from the materials shed to the room in which he was assigned to work was essentially a straight line. Therefore, the subject area constitutes an open "working area" subject to the operation of paragraph (2), as opposed to a "passageway" governed by the more stringent requirements of paragraph (1).

Since we find that plaintiff fell in a work area and not in a passageway, whether he has made out a prima facie case for recovery under Labor Law § 241 (6) logically depends on whether the piece of tie wire entangled on the wheel of the dumpster constitutes either an accumulation of dirt and debris or a sharp projection within the contemplation of paragraph (2)

of Industrial Code (12 NYCRR) § 23-1.7 (e) (*see Lenard v 1251 Ams. Assocs.*, 241 AD2d 391, 392, *lv withdrawn* 90 NY2d 937; *see also, Boss v Integral Constr. Co.*, 249 AD2d 214). The decisions of this Court that deny recovery where an employee falls in a location other than a passageway are confined to those cases which do not involve "floors, platforms and similar areas where persons * * * pass" within the contemplation of paragraph (2) (*O'Gara v Humphreys & Harding*, 282 AD2d 209 [muddy ground in open area]; *Muscarella v Herbert Constr. Co.*, 265 AD2d 264 [open area next to trailer]; *Dacchille v Metropolitan Life Ins. Co.*, 262 AD2d 149 [storage area]; *Jennings v Lefcon Partnership*, 250 AD2d 388, 389, *lv denied* 92 NY2d 819 [open area between two high-rises]). Plaintiff was injured as the result of falling over "debris" that had been allowed to accumulate and the location was a "floor" where plaintiff was required to "pass" in the course of his work. Accordingly, the location falls squarely within the operation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2), and plaintiff has stated a cause of action under Labor Law § 241 (6).

Notwithstanding the fact that defendants Slattery Associates, Inc. and J. Slattery Contracting, Inc. (hereinafter Slattery) did not move for summary judgment before the IAS court and have not cross-appealed, invocation of our power to search the record pursuant to CPLR 3212 (b) is proper in this case in which a motion for summary judgment respecting the Labor Law claims are before the Court (*Boss v Integral Constr. Corp.*, 249 AD2d 214). Upon a search of the record, we grant defendants Slattery summary judgment dismissing plaintiff's Labor Law § 241 (6) and § 240 (1) claims as against them. Since, as noted, plaintiff's fall did not involve an elevation differential, the Labor Law § 240 (1) claim is without merit. Further, our review of the record reveals that Slattery was not an owner or general contractor such that absolute liability may be imposed under Labor Law § 241 (6) (*Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 348). There is no evidence that Slattery possessed the authority to supervise plaintiff's work or that it was acting as the agent of the owner in this regard.

We decline to grant the Slattery defendants summary judgment with respect to the Labor Law § 200 claim since plaintiffs had no opportunity to address whether these defendants had requisite notice of the defective condition, to wit, the loose tie wire. Concur—Rosenberger, J. P., Tom, Lerner, Rubin and Friedman, JJ.