■ HENRY K. LABODA, Respondent, v VJV DEVELOPMENT CORP. et al., Appellants. [745 NYS2d 67] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Kramer, J.), entered January 16, 2001, which, upon, inter alia, a jury verdict in favor of the plaintiff on his causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6), is in favor of the plaintiff and against them in the principal sum of $385,816.

Ordered that the judgment is affirmed, with costs.

The verdict in favor of the plaintiff on his cause of action to recover damages for violation of Labor Law § 241 (6) was not against the weight of the evidence. The evidence demonstrated that the plaintiff tripped over one or more of many bricks strewn in front of the house he was constructing, and the jury was able to reasonably conclude that 12 NYCRR 23-1.7 (e) (2) was violated, since this was a working area as contemplated by the regulation (*see Canning v RFD 82nd St.,* 285 AD2d 439; *McCormack v Helmsley-Spear, Inc.,* 233 AD2d 203, 204; *White v Sperry Supply & Warehouse,* 225 AD2d 130, 134; *Baird v Lydall, Inc.,* 210 AD2d 577, 578; *Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796, 797-798).

The defendants failed to preserve for appellate review their argument that, because the condition was open and obvious, the verdict was against the weight of the evidence on the cause of action to recover damages for violation of Labor Law § 200 and for common-law negligence (*see Calabrese v Cheung W. Chan,* 244 AD2d 376). Their defense was merely that the plaintiff was comparatively negligent because he was aware of the presence of bricks at the construction site.

Since the defendants failed to object to the alleged defects in the jury charge and the verdict sheet, these issues are not preserved for appellate review, and, in any event, their contentions are without merit (*see Surjnarine v Brathwaite,* 290 AD2d 436; *Calabrese v Chan, supra*). Florio, J.P., Friedmann, H. Miller and Crane, JJ., concur.