Borrero v ACC Constr. Corp. (2019 NY Slip Op 08633)





Borrero v ACC Constr. Corp.


2019 NY Slip Op 08633


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


10467 21558/12E 43035/13E 43116/14E

[*1] Linda Borrero, Plaintiff-Appellant,
v
ACC Construction Corporation, et al., Defendants-Respondents, Liberty Contracting Corporation, Defendant.
ACC Construction Corporation, Third-Party Plaintiff,
v
South Bay Air Systems, LLC, Third-Party Defendant-Respondent. 
[And Other Third-Party Actions]


David Horowitz, PC, New York (Christopher S. Joslin of counsel), for appellant.
Pillinger Miller Tarallo Law Firm, Elmsford (Leslie G. Abele of counsel), for ACC Construction Corporation, and the Trustees of Columbia University in the City of New York, respondents.
Goldberg Segalla, Garden City (Brendan T. Fitzpatrick of counsel), for South Bay Air Systems, LLC, respondent.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered August 24, 2018, which granted the motion of defendants ACC Construction Corporation and The Trustees of Columbia University in The City of New York for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
Plaintiff's common-law negligence and Labor Law § 200 claims were properly dismissed. Plaintiff, who could not describe the defect in any dimensional manner, testified that the area in photographs taken by defendants was not the area of her fall, and she did not take her own photographs until the floor, which had been raw concrete during the gut renovation, had been patched with sealant. Defendants' witnesses denied seeing any "crater crack," and while plaintiff believed that the defect was caused by ACC or one of its subcontractor's dropping debris, she had no evidence of this theory. Under the circumstances, any finding on notice would be based on pure speculation (see Canning v Barneys N.Y., 289 AD2d 32, 33 [1st Dept 2001]).
The court also properly dismissed plaintiff's Labor Law § 241(6) claim premised upon a violation of 12 NYCRR 23-1.7(e)(1). Plaintiff's accident occurred in an open room located about [*2]a foot and a half away from the entrance leading to a passageway, but not in the passageway itself (see Conlon v Carnegie Hall Socy., Inc., 159 AD3d 655 [1st Dept 2018]; Rodriguez v Dormitory Auth. of the State of N.Y., 104 AD3d 529, 530 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK