Tisselin v Memorial Hosp. for Cancer & Allied Diseases (2023 NY Slip Op 06210)

Tisselin v Memorial Hosp. for Cancer & Allied Diseases

2023 NY Slip Op 06210

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. 159986/16, 595409/19 Appeal No. 1124 Case No. 2022-03990 

[*1]Frisner Tisselin et al., Plaintiffs-Appellants,
v
Memorial Hospital for Cancer and Allied Diseases, et al., Defendants-Respondents. [And A Third-Party Action]

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellants.
Dopf, P.C., New York (Martin B. Adams of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered August 30, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on liability for their Labor Law § 240(1) cause of action against defendants Memorial Hospital for Cancer and Allied Diseases and Turner Construction Company, and granted the motion of defendants Memorial Hospital, Turner Construction, and Safeway Atlantic, LLC for summary judgment dismissing the complaint except insofar as it sought dismissal of the common-law negligence claim against Safeway Atlantic, unanimously modified, on the law, to grant so much of plaintiffs' motion as sought summary judgment on liability under Labor Law § 240(1), and otherwise affirmed, without costs.
Plaintiff Frisner Tisselin, a project manager at a construction site, alleges that he was injured while riding in a personnel hoist at the site. According to plaintiff, a roof access ladder that had been mounted on the hoist ceiling partially detached from where it had been secured and struck him on the head from a height of around seven-to-eight feet. The ladder was stored by use of a bolt, wingnut, and washer, which together secured the ladder to the ceiling, and an incident report later noted that the ladder detached because the washer that was welded to the rung of the ladder broke at the weld.
The injured plaintiff established his entitlement to summary judgment on liability under Labor Law § 240(1), as he demonstrated that the access ladder "required securing for the purposes of the undertaking" (Arnaud v 140 Edgecomb LLC, 83 AD3d 507, 508 [1st Dept 2011]). Under the circumstances here, the hoist — an enumerated safety device — was "inadequate for its purpose of keeping plaintiff safe while engaged in an elevation-related activity" (Ladd v Thor 680 Madison Ave LLC, 212 AD3d 107, 112 [1st Dept 2022]).Safeway's hoist mechanic testified that the hoists were inspected every ninety days, which involved the performance of a drop test to ensure the car stopped, a check that all switches and safety features were operational, and a visual inspection of the ladder, including the wingnut, washer, and bolt, to confirm it was secured to the ceiling. He further testified that the ladder was provided as an "escape ladder" for workers to exit the hoist, thus rendering it an "essential component of the hoist" (see id.). For the same reasons, Supreme Court's order granting defendants' motions for summary judgment dismissing plaintiffs' cause of action under Labor Law § 240(1) should be reversed and plaintiffs' motion for summary judgment on liability under Labor Law § 240(1) should be granted. In light of this determination, the issue of defendants' liability under Labor Law § 241(6) is academic (see e.g. Pimentel v DE Frgt. LLC, 205 AD3d 591, 593 [1st Dept 2022]).
Supreme Court properly dismissed plaintiffs' cause of action under Labor Law § 200, which "codifies an owner's or general [*2]contractor's common-law duty of care to provide construction site workers with a safe place to work" (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143 [1st Dept 2012]). Claims under this section may arise from an alleged defect or dangerous condition on the premises, or from the manner in which the work was performed (id. at 144). Here, plaintiff's injuries were the result of a defective or dangerous condition, and the record established that Memorial Hospital and Turner Construction did not have actual or constructive notice of the condition and did not create it (see Dirschneider v Rolex Realty Co. LLC, 157 AD3d 538, 539 [1st Dept 2018]; Canning v Barney's N.Y., 289 AD2d 32, 33 [1st Dept 2001]). Further, as Safeway is neither an owner nor general contractor, there can be no liability under Labor Law § 200 (see Cappabianca, 99 AD3d at 143; Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 554 [1st Dept 2009]).
Finally, Supreme Court properly denied Safeway's motion insofar as it sought dismissal of the common-law negligence cause of action as against it. The record established that Safeway furnished and installed the hoists and inspected them every 90 days, along with the instruments that attached the ladder to the ceiling. Safeway
proffered no evidence establishing as a matter of law that it installed the personnel hoist without negligence, thus creating an issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023