Pereira v 504 W 34, LLC (2025 NY Slip Op 03982)

Pereira v 504 W 34, LLC

2025 NY Slip Op 03982

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Rodriguez, Rosado, JJ. 

Index No. 152966/20|Appeal No. 4671|Case No. 2024-01108|

[*1]Marcos Pereira, Plaintiff-Respondent-Appellant,
v
504 W 34, LLC, et al., Defendants-Appellants-Respondents.

Cullen and Dykman LLP, New York (Virginia A. Harper of counsel), for appellants-respondents.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about January 18, 2024, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claims predicated on Industrial Code (12 NYCRR) §§ 23-1.7(e)(1) and (2), unanimously modified, on the law, to grant defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-1.7(e)(1), and otherwise affirmed, without costs. Appeal from so much of the same order, insofar as it denied plaintiff's motion for summary judgment on liability on his Labor Law § 246(1) claim, unanimously dismissed, without costs, as untimely.
Plaintiff, a concrete worker employed by a nonparty subcontractor, alleges that as he walked across the site of a construction project on his way to do work on the story below, he tripped on a floor laid with a net of wire mesh used to internally reinforce poured and hardened concrete. According to plaintiff, the area of wire mesh that he tripped on was upright and sticking out because it was not properly tied down.
Defendants established prima facie entitlement to summary judgment dismissing plaintiff's Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-1.7(e)(1). Even though plaintiff encountered the wire mesh on the ninth floor on his way to his work area on the eighth floor, he did not trip in a passageway within the meaning of Industrial Code § 23-1.7(e)(1), but instead in an open working area as defined in Industrial Code § 23-1.7(e)(2) (see Brown v Tishman Constr. Corp. of N.Y., 226 AD3d 529, 530 [1st Dept 2024]; Canning v Barney's N.Y., 289 AD2d 32, 34 [1st Dept 2001]).
However, Supreme Court properly declined to dismiss the Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-1.7(e)(2). In his opposition to defendants' motion, plaintiff raised an issue of fact as to whether the upright wire mesh was a "sharp projection[]" under Industrial Code § 23-1.7(e)(2) in that it was "clearly defined or distinct" (see e.g. Gervasi v FSP 787 Seventh LLC, 228 AD3d 459, 460 [1st Dept 2024], citing Lenard v 1251 Ams. Assoc., 241 AD2d 391, 393 [1st Dept 1997]). Plaintiff also raised an issue of fact as to whether the wire mesh, if inadequately secured or covered as alleged by plaintiff, was integral to the building's structural concrete work (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 321 [2024]; Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 984 [2d Dept 2014], lv denied 26 NY3d 905 [2015]).
Plaintiff's appeal is dismissed, as the notice of appeal was filed after the 30-day deadline to file a notice of appeal, which is nonwaivable and jurisdictional (CPLR 5513[a], 5515 [1]; Avgush v Jerry Fontan, Inc., 167 AD3d 484, 484 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025