■ DHANRAJ RAJKUMAR, Respondent, v BUDD CONTRACTING CORPORATION, Defendant, and SHERATON HOTEL et al., Appellants. [909 NYS2d 453]—

Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered June 19, 2009, which, to the extent appealed from as limited by the briefs, denied the hotel defendants' motion for summary judgment insofar as it sought dismissal of plaintiff's Labor Law §§ 200 and 241 (6) and common law negligence claims, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against the hotel defendants. The Clerk is directed to enter judgment accordingly.

Dismissal of the Labor Law § 241 (6) claim was warranted as the evidence demonstrated that plaintiff's interior decorating work, which involved, inter alia, the manufacture and hanging of a 300-pound mirror in the hotel defendants' main lobby, was not done in the context of construction, demolition or excavation work (*see Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002]; *Esposito v New York City Indus. Dev. Agency*, 305 AD2d 108 [2003], *affd* 1 NY3d 526 [2003]). To the extent the hotel defendants raise the issue of the applicability of Labor Law § 241 (6) for the first time on appeal, we exercise our discretion to reach the unpreserved issue as it could have been decided, as a matter of law, below (*see e.g. Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]).

Even assuming, arguendo, plaintiff's work was performed in the context of construction, demolition or excavation, we further find that Industrial Code (12 NYCRR) § 23-1.7 (e), upon which plaintiff relies in support of his Labor Law § 241 (6) claim, lacks evidentiary support in the record for its application. Plaintiff described the main lobby in which his accident occurred as a big open space, and we conclude that such an area would not fit within the term of "[p]assageway," as set forth in subdivision (e) (1) (*see e.g. Smith v Hines GS Props., Inc.*, 29 AD3d 433 [2006]). Further, subdivision (e) (2) of Industrial

Code (12 NYCRR) § 23-1.7 pertains to such tripping hazards as dirt, debris and scattered tools and materials in a work area. Here, the plaintiff did not trip over loose or scattered material, but rather, over brown construction paper that was purposefully laid over newly installed floors to protect them. Such paper covering constituted an integral part of the floor work on the renovation project, and could not be construed to be a misplaced material over which one might trip (*see e.g. Vieira v Tishman Constr. Corp.*, 255 AD2d 235 [1998]).

Plaintiff's Labor Law § 200 and common law negligence claims should have been dismissed as there was no evidence that the hotel defendants had actual or constructive notice of a defect in the paper floor covering (*see Cahill v Triborough Bridge & Tunnel Auth.*, 31 AD3d 347, 350-351 [2006]; *Canning v Barneys N.Y.*, 289 AD2d 32, 33 [2001]). Concur—Saxe, J.P., Acosta, Freedman, Richter and Abdus-Salaam, JJ.