■ LLOYD JOHNSON, Appellant, v 923 FIFTH AVENUE CONDOMINIUM et al., Respondents. [959 NYS2d 146]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered February 23, 2012, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

With respect to plaintiff's Labor Law § 200 and common-law negligence claims, the record demonstrates that plaintiff's injury was caused by the way he performed his work, not by a dangerous condition of the work site, and that defendants exercised no supervision or control over plaintiff's work (*see Thompson v BFP 300 Madison II, LLC*, 95 AD3d 543 [1st Dept 2012]). To the extent plaintiff's injury was caused by a tripping hazard on the sidewalk, it does not avail him, since the hazard was created by his employer's placement of the materials on the sidewalk.

The Industrial Code (12 NYCRR) provisions on which plaintiff predicates his Labor Law § 241 (6) claim are inapplicable to the facts of his case. The area of the sidewalk where plaintiff was unloading materials was not a "passageway" within the meaning of 12 NYCRR 23-1.7 (e) (1) (*see Dalanna v City of New York*, 308 AD2d 400, 401 [1st Dept 2003]). 12 NYCRR 23-1.7 (e) (2) is not applicable because even if the sidewalk may be construed as a floor, platform or similar area where people "work or pass," plaintiff did not trip over loose or scattered material. He tripped over a piece of plywood that had been purposefully laid over the sidewalk to protect it and that therefore constituted an integral part of the work (*see Rajkumar v Budd Contr. Corp.*, 77 AD3d 595 [1st Dept 2010]). Concur—Andrias, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.