Orders, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 18, 2012, which, insofar as appealed as limited by the briefs, granted defendants-respondents’ motions for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims as asserted against them, unanimously affirmed, without costs.
Plaintiff sustained injuries when he fell from a ladder while installing window shades in a building owned by defendant Rheedlen 125th Street, LLC (Rheedlen) and leased by defendant Harlem Children’s Zone, Inc. (HCZ). HCZ retained the Tishman defendants (Tishman) as a construction manager to *427 construct a charter school and community center, and Tishman retained third-party defendants City View Blinds of NY Inc. and Abalene Decorating Inc. (collectively City View), plaintiffs employer, for window treatment and window shade work.
The court properly dismissed the Labor Law § 240 (1) claims as asserted against defendants-respondents. Contrary to plaintiffs contention, his work of hanging window shades at the time of the accident does not constitute “altering” within the meaning of Labor Law § 240 (1). The evidence shows that the shade installation work essentially entailed securing brackets with screws to the ceiling or pan protruding from the wall, and inserting the shades into the bracket. This work does not amount to a “significant physical change to the configuration or composition of the building or structure” (Joblon v Solow, 91 NY2d 457, 465 [1998] [emphasis omitted]; cf. Belding v Verizon N.Y., Inc., 65 AD3d 414, 415-416 [1st Dept 2009], affd 14 NY3d 751 [2010]). Plaintiffs contention that the work constitutes “repairing” under the statute is unsupported by the record. Indeed, plaintiff and the witnesses all testified that new shades were being installed at the time of the accident.
Nor was the shade work performed in the context of the larger construction project (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 881 [2003]; Martinez v City of New York, 93 NY2d 322 [1999]). Although HCZ and Tishman commenced discussions about the subject work while Tishman was still on site carrying out its obligations under the construction management agreement with HCZ, and Tishman sought pricing information from City View under its subcontract with City View, the evidence also shows that Tishman and HCZ ultimately decided that it would be more efficient if HCZ contacted City View directly for the work, given that the construction project and Tishman’s construction management obligations were coming to an end. The documentary evidence shows that City View then directly sent HCZ, as opposed to Tishman, proposals and invoices for the subject work, and that HCZ paid City View directly for the services. Accordingly, given the circumstances here, we find that the shade work was not “ongoing and contemporaneous with the other work that formed part of a single contract”; rather, it fell “into a separate phase easily distinguishable from other parts of the larger construction project” (Prats, 100 NY2d at 881).
Because the shade work is distinct from the construction work, Labor Law § 241 (6) also does not apply (see Nagel v D & R Realty Corp., 99 NY2d 98 [2002]; Rajkumar v Budd Contr. Corp., 77 AD3d 595, 595 [1st Dept 2010]).
Concur—Friedman, *428 J.E, Sweeny, Renwick, Richter and Román, JJ.