DENNIS PATERRA, Appellant, v ARC DEVELOPMENT LLC et al., Respondents. [24 NYS3d 631]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about September 8, 2014, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on the issue of liability on his Labor Law §§ 241 (6) and 200 and common-law negligence claims as against defendants Arc Development LLC and Riverdale Heights LLC, unanimously affirmed, without costs.

Defendants were entitled to dismissal of all of plaintiff's Labor Law claims, since plaintiff asserted the Labor Law claims for the first time in his bill of particulars, and failed to

allege them in his complaint (*see Castleton v Broadway Mall Props., Inc.*, 41 AD3d 410, 411 [2d Dept 2007]; *Webster v Supermarkets Gen. Corp.*, 209 AD2d 405 [2d Dept 1994]). The purpose of the bill of particulars is to amplify the pleadings (*see Kolb v Beechwood Sedgewick LLC*, 78 AD3d 481, 482 [1st Dept 2010]), and "may not be used to supply allegations essential to a cause of action that was not pleaded in the complaint" (*Alami v 215 E. 68th St., L.P.*, 88 AD3d 924, 926 [2d Dept 2011]). Nor may the bill of particulars "add or substitute a new theory or cause of action" (*Melino v Tougher Heating & Plumbing Co.*, 23 AD2d 616, 617 [3d Dept 1965]).

Plaintiff's common-law negligence claim, which was pleaded in the complaint, was properly dismissed. There is no evidence that defendants supervised or controlled plaintiff's work or had actual or constructive notice of the alleged defective condition over which plaintiff tripped (*see Rajkumar v Budd Contr. Corp.*, 77 AD3d 595, 596 [1st Dept 2010]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Acosta, Andrias, Saxe and Feinman, JJ.