■ LILIANE BRONFMAN, Respondent, v EAST MIDTOWN PLAZA HOUSING COMPANY, INC., Appellant/Third-Party Plaintiff-Appellant. CITY OF NEW YORK, Third-Party Defendant-Respondent. [58 NYS3d 337]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about December 21, 2016, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint and granted third-party defendant City of New York's motion for summary judgment dismissing the third-party action, unanimously affirmed, without costs.

Plaintiff tripped and fell upon a cement mound around the stump of a signpost, on a sidewalk located in a pedestrian plaza that was a sidewalk easement granted to the City for the benefit of pedestrians. Defendant, the owner and operator of premises adjacent to the defective sidewalk, asserted that the stump was the remnant of a sign that the City had installed.

The motion court correctly denied defendant's motion for summary judgment dismissing the complaint. Defendant as the abutting property owner, had a duty to maintain the sidewalk pursuant to Administrative Code of the City of New York § 7-210. Even assuming that the signpost belonged to the City, and was therefore not part of the "sidewalk" for purposes of the statute (*Smith v 125th St. Gateway Ventures, LLC*, 75 AD3d 425, 425 [1st Dept 2010]), defendant still had a duty under the statute to maintain the sidewalk around the signpost stump.

The motion court correctly granted the City's motion for summary judgment dismissing the third-party action. The City established that it had no prior written notice of the defect (Administrative Code § 7-201 [c] [2]; *see Schwartz v Turken*, 115 Misc 2d 829 [Sup Ct, Kings County 1982]), and defendant failed to raise a triable issue of fact as to the City's affirmative negligence (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Webber, Gesmer and Kern, JJ.