Greenwood v Whitney Museum of Am. Art (2018 NY Slip Op 03209)





Greenwood v Whitney Museum of Am. Art


2018 NY Slip Op 03209


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


6456 150080/14

[*1]Mitchell Greenwood, Plaintiff-Respondent,
v
Whitney Museum of American Art, et al., Defendants-Appellants.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Jonathan P. Shaub of counsel), for appellants.
Sacks and Sacks LLP, New York (Scott N. Singer of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered September 7, 2017, which granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law §§ 240(1), 241(6), and 241-a claims, unanimously modified, on the law, to deny the motion as to the Labor Law §§ 241(6) and 241-a claims, and to dismiss the unpleaded Labor Law § 241-a claim, and otherwise affirmed, without costs.
Plaintiff sustained injuries during construction of a building when a piece of scrap metal fell on him. The piece of metal was being used by his co-worker, who was welding steel about 30 feet above on a lift, as a "dunnage" to secure a "fire blanket" to prevent sparks from igniting objects in surrounding areas. At the time, plaintiff was "fire watching," which required him to remove flammable objects and suppress any fires started by errant sparks.
The court correctly granted plaintiff partial summary judgment on his Labor Law § 240(1) claim inasmuch as the record establishes that plaintiff's injury was the proximate result of the failure to take adequate steps to secure the piece of scrap metal from falling from the height at which it was being used.
Plaintiff's Labor Law § 214-a claim was raised for the first time in his supplemental bill of particulars, served only three days before he filed his summary judgment motion, and was not alleged in the complaint. We therefore dismiss the section 241-a claim (Paterra v Arc Dev. LLC, 136 AD3d 474 [1st Dept 2016]), without prejudice to plaintiff's moving, if so advised, to amend the complaint to add such a claim.
Triable issues of fact preclude partial summary judgment on the Labor Law § 241(6) claim. The claim is predicated on 12 NYCRR § 23-2.5(a)(1), which requires placement of planks in shafts "not more than two stories or 30 feet, whichever is less, above the level where persons are working." Questions of fact exist as to whether the piece of steel fell from "more than two stories or 30 feet," and whether the placement of planks would be antithetical to plaintiff's work by, for example, obstructing his view, or increasing the risk of fires caused by [*2]sparks (see McLean v 405 Webster Ave. Assoc., 98 AD3d 1090, 1094-1095 [2d Dept 2012]; Boyle v 42nd St. Dev. Project, Inc., 38 AD3d 404 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK