Mazursky Group, Inc. v 953 Realty Corp. (2018 NY Slip Op 07657)





Mazursky Group, Inc. v 953 Realty Corp.


2018 NY Slip Op 07657


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Gesmer, Singh, JJ.


654064/13 7578 7577

[*1]The Mazursky Group, Inc., Plaintiff-Respondent,
v
953 Realty Corp., Defendant-Appellant, Melvin Stier, Defendant.


Goldberg Weprin Finkel Goldstein LLP, New York (Neal M. Rosenbloom of counsel), for appellant.
Abbott Bushlow & Schechner, LLP, Ridgewood (Alan L. Bushlow of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert R. Reed, J.), entered March 22, 2017, awarding plaintiff money damages, interest and fees as against defendant 953 Realty Corp., unanimously affirmed, with costs. Appeal from order, same court and Justice, entered February 28, 2017, which, inter alia, granted plaintiff's motion for summary judgment on the cause of action for breach of contract, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The parties entered into a retainer agreement pursuant to which defendant 953 Realty Corp. would pay plaintiff a contingency fee of 25% of any real estate property tax benefit plaintiff obtained for it under the New York City Industrial and Commercial Incentive Program (ICIP). In 2011, plaintiff succeeded in securing an ICIP benefit for defendant for a period of 25 years, retroactive to the 1999-2000 tax year and extending to the 2023-2024 tax year. The parties then entered an indemnification agreement, inter alia, obligating defendant to pay plaintiff an annual contingency fee for the entire 25-year term of the ICIP benefit. Defendant paid plaintiff 25% of the ICIP benefit it received for the tax years between 1999-2000 and 2012-2013, but refused to pay for any subsequent years.
Contrary to defendant's argument, neither the retainer agreement nor the indemnification agreement was procedurally unconscionable when made (see Gillman v Chase Manhattan Bank, 73 NY2d 1, 10—11 [1988]). The agreements were entered into by sophisticated entities as part of a normal commercial transaction, there is no evidence of deceptive or high-pressure tactics, neither agreement contains "fine print," and there was no disparity in bargaining power. Nor was either agreement substantively unconscionable, as the terms of the contracts are not unreasonably favorable to plaintiff (see id. at 12; see also Matter of Lawrence, 24 NY3d 320, 339 [2014]).
Defendant failed to preserve the argument that the fee is unenforceable because it is disproportionate to the value of the services rendered, and we decline to review this mixed question of law and fact (see Rajkumar v Budd Contr. Corp., 77 AD3d 595 [1st Dept 2010]).
Supreme Court correctly awarded as general damages the amount of fees that plaintiff was entitled to through 2023-2024, when the ICIP benefit expires. These damages were the natural and probable consequences of defendant's breach; they were equal to the sums that defendant undertook to pay under the parties' agreements, thereby assuming a definite obligation [*2]to pay a specific amount over a period of years, and were unquestionably within the parties' contemplation (see American List Corp. v U.S. News & World Report, 75 NY2d 38, 42-44 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK