Vullo v Hillman Hous. Corp. (2019 NY Slip Op 05087)





Vullo v Hillman Hous. Corp.


2019 NY Slip Op 05087


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


9719 160997/14

[*1]Urania Vullo, Plaintiff-Respondent,
v
Hillman Housing Corporation, Defendant-Appellant, Manhattan Autocare, et al., Defendants.


Litchfield Cavo LLP, New York (Michael K. Dvorkin of counsel), for appellant.
Joseph T. Mullen Jr. & Associates, New York (Neil A. Zirlin of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered March 8, 2018, which, to the extent appealed from, denied defendant Hillman Housing Corporation's (Hillman) motion for summary judgment, unanimously affirmed, without costs.
Plaintiff alleges that in October of 2014 she tripped an fell on a metal protrusion and/or sign post stump on a sidewalk outside a building owned by Hillman. After receiving a DOT violation related to the condition of the sidewalk, Hillman had hired an outside contractor to perform cement sidewalk resurfacing work between August and October of 2014.
Although the "general rule is that a party who retains an independent contractor . . . is not liable for the independent contractor's negligent acts," an exception arises when the hiring party "is under a specific nondelegable duty" (Kleeman v Rheingold, 81 NY2d 270, 273-274 [1993]). Here, Hillman, as the property owner, had a nondelegable duty to maintain the sidewalk, including the sidewalk around the subject sign post stump (Bronfman v East Midtown Plaza Hous. Col, Inc., 151 AD3d 639 [1st Dept 2017]; Administrative Code of City of NY § 7-210).
Contrary to Hillman's contention, the motion court did not conclude that Hillman is, in fact, liable for any alleged wrongs committed by the independent contractor in performing cement sidewalk resurfacing work. Rather, the motion court correctly found that under these circumstances the record raises issues of fact as to whether the cement work ordered by this defendant, the property owner, caused or exacerbated a hazardous tripping condition, and whether Hillman had actual or constructive knowledge of the metal protrusion on the sidewalk outside its building. Factual issues are also presented as to whether the condition was open and obvious, or, alternatively the defect trivial (Nigro v Cirvinara, LLC, 106 AD3d 428 [2013]).
We have considered Hillman's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK