O'Connor v Tishman Constr. Corp. (2020 NY Slip Op 02383)





O'Connor v Tishman Constr. Corp.


2020 NY Slip Op 02383


Decided on April 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


11348 101138/12

[*1]Judith O'Connor, Plaintiff-Appellant,
v
Tishman Construction Corporation, et al., Defendants-Respondents, Hugh O'Kane Electric Co. Inc., Defendant.


DeToffol & Associates, New York (Joshua Gittleman of counsel), for appellant.
Blank Rome LLP, New York (Gregory P. Cronin of counsel), for Tishman Construction Corporation, The New School and The New York State Dormitory Authority, respondents.
James E. Johnson, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for The City of New York and The Department of Transportation, respondents.



Order, Supreme Court, New York County (Verna L. Saunders, J.), entered July 24, 2018, which granted defendants the City of New York's and the Department of Transportation's (DOT) (collectively City defendants) motion for summary judgment dismissing the complaint, and granted defendants Tishman Construction Corporation, The New School and the New York State Dormitory Authority's (collectively Tishman defendants) cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion and cross motion denied.
Plaintiff allegedly fractured her right knee after she tripped and fell on a "mound of concrete with a piece of metal" while walking on the sidewalk in front of 65 Fifth Avenue in Manhattan. Plaintiff sued the City and Tishman defendants, alleging that defendants were on notice of the alleged defect because they either created or allowed it to remain on the sidewalk, and that their negligence in maintaining the area was a proximate cause of her accident.
It is undisputed that the piece of metal in the mound of concrete was the remnant of a street sign. Nor is it disputed that the City was not provided with prior written notice of the condition within the 15-day grace period to make the repair pursuant to the Administrative Code of City of NY § 7-201(c)(2).
The City defendants moved for summary judgment, contending that its employees did not cause or create the alleged sidewalk defect. DOT's records show that the City did not perform work at the location for two years prior to the date of the accident, and that it did not have notice of the alleged sidewalk defect. The City defendants also asserted that a DOT sign search shows that no signs were installed, repaired, or removed from the sidewalk for approximately 20 years before the accident. In support of these contentions, the City submitted an affidavit from DOT's Supervising Superintendent of Maintenance Joseph Farina.
The Tishman defendants cross-moved for summary judgment to dismiss the complaint and all cross claims asserted against them. Primarily, they argue that the City created the defect. The Tishman defendants rely on Farina's April 25, 2014 deposition testimony given in another case brought against the City, captioned Joan Goldstein v The City of New York, Urban Foundation Engineering, LLC and The New School (index No. 100652/12) (the Goldstein action). Goldstein involved a trip and fall over precisely the same sidewalk defect a few months after plaintiff fell. At his 2014 deposition, Farina testified that on June 8, 2000 DOT performed [*2]"Meter and sign work, reinstall parking meters" and "drive rail installed" at the subject location. He also stated that the City maintained the DOT signs and repaired them, that there was a record of a repair to the subject location, but not the drive rail, in 2006, and that there was no record of any permits by contractors or others to remove the relevant sign. Additionally, he stated that if the sign and sidewalk were not flush, the sign was improperly installed by the City.
Plaintiff opposed both motions, primarily contending that Farina's deposition transcript from the Goldstein action conflicted with his affidavit in this case and creates triable issues of fact as to whether the City defendants caused or created the defect. Additionally, plaintiff claimed that the Tishman defendants had a duty of care as the owners of their "sidewalk easement" to have the street signs "cut down for their construction project" and to maintain the sidewalk in reasonably safe condition under Administrative Code § 7-210.
Supreme Court granted defendants' motions and dismissed the complaint and cross claims. Plaintiff appeals. We reverse.
First, the City defendants' motion for summary judgment should have been denied. The City defendants fail to demonstrate that their employees did not cause or create the alleged defect. Farina provided an affidavit in the case at bar, stating that a DOT record search "revealed no records of maintenance, repair, installation, or removal of drive rails or sign supports by DOT for the aforementioned location and timeframe." This timeframe constituted "twenty years prior to and including February 16, 2011" the date of the incident. Farina's 2012 affidavit and 2014 deposition appear to be in direct conflict. Neither the affidavit nor the deposition conclusively establishes the work, if any, the City performed in the subject location and whether the City defendants affirmatively created the defect which resulted in an alleged dangerous condition (see San Marco v Vill./Town of Mount Kisco, 16 NY3d 111, 117 [2010], citing Oboler v City of New York, 8 NY3d 888, 888-890 [2007]). Accordingly, the City defendants may be held responsible for their alleged negligence without prior written notice (San Marco, 16 NY3d at 117).
Second, we find that the Tishman defendants' cross motion for summary judgment should have been denied. Although it is undisputed that the alleged defect is a remnant of a street sign, the Tishman defendants did not meet their initial burden because they failed to submit an affidavit or deposition testimony from a witness with knowledge that establishes that its employees did not cause or create the alleged defect (see CPLR 3212[b]). Further, defendants The New School and New York State Dormitory Authority, as owners of the property adjacent to the public sidewalk, had a nondelegable duty to maintain the sidewalk in a safe condition, including the area around the street sign (Vullo
v Hillman Hous. Corp., 173 AD3d 600, 600-601 [1st Dept 2019]; Bronfman v East Midtown Plaza Hous. Co., Inc., 151 AD3d 639, 640 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2020
CLERK