Olivo-Felez v County of Westchester (2021 NY Slip Op 05823)





Olivo-Felez v County of Westchester


2021 NY Slip Op 05823


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Index No. 23009/16 Appeal No. 14467 Case No. 2020-04967 

[*1]Jose Olivo-Felez, Plaintiff-Appellant,
v
County of Westchester et al., Defendants-Respondents.


Krieger, Wilansky & Hupart, Bronx (Brett R. Hupart of counsel), for appellant.
Keane & Bernheimer, PLLC, Valhalla (Katherine Woodhouse McGerald of counsel), for County of Westchester, Westchester County Department of Transportation and Bee Line Bus Company, Westchester respondents.
Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for Metropolitan Transportation Authority, New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority, NYCTA respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered September 25, 2020, which granted defendants' motions for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motions solely on the issue of whether defendants caused the alleged defect, with leave to renew upon the completion of discovery, and otherwise affirmed, without costs.
The NYCTA defendants and Westchester defendants have no responsibility for maintaining bus shelters within the City of New York; rather, that responsibility lies with the City (see McCormick v City of New York, 165 AD3d 565, 565-566 [1st Dept 2018]; Towbin v City of New York, 309 AD2d 505, 505 [1st Dept 2003]). However, plaintiff alleges in the complaint that employees of NYCTA defendants or Westchester defendants affirmatively caused the alleged defect. Furthermore, an affidavit submitted by an employee of a Westchester defendant submitted with its motion establishes that a defendant's employees had regular physical interaction with the schedule box that allegedly caused plaintiff's injury. Accordingly, discovery is necessary on the issue of whether any of the defendants caused the alleged defect, since none of the defendants addressed the issue in their moving papers (see O'Connor v Tishman Constr. Corp., 182 AD3d 502, 504 [1st Dept 2020]; Guzman v City of New York, 171 AD3d 653, 653 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021