Valentine v 2147 Second Ave. LLC (2022 NY Slip Op 01758)





Valentine v 2147 Second Ave. LLC


2022 NY Slip Op 01758


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Webber, J.P., Moulton, Kennedy, Mendez, Pitt, JJ. 


Index No. 302488/10 Appeal No. 15504 Case No. 2020-03155, 2020-03627 

[*1]Michael Valentine, Plaintiff-Appellant-Respondent,
v
2147 Second Avenue LLC, Defendant-Respondent-Appellant. Sunshine Quality Construction, Inc., et al., Defendants-Respondents, Shan Home Improvement, Inc., Defendant.
2147 Second Avenue LLC, Third-Party Plaintiff,
v
Shan's Construction, Inc., Third-Party Defendant-Respondent.
Sunshine Quality Construction, Inc., Second Third-Party Plaintiff,
v
Shan's Construction, Inc., Second Third-Party Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Michael H. Zhu of counsel), for appellant-respondent.
Kosakoff & Cataldo LLP, Melville (Mark P. Bradley of counsel), for respondent-appellant.
Cascone & Kluepfel LLP, Farmingdale (Howard B. Altman of counsel), for Sunshine Quality Construction, Inc, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for Gary Silver Architects, P.C., respondent.
Koster, Brady & Nagler LLP, New York (Marc R. Wilner of counsel), for Shan's Construction Inc., respondent.



Order, Supreme Court, Bronx County (Donald Miles, J.), entered on or about March 13, 2020, which granted defendants Gary Silver Architects, P.C.'s (GSA) and Sunshine Quality Construction, Inc.'s motions for summary judgment dismissing the complaint as against them and denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.
Plaintiff, project safety coordinator for nonparty Homeland Safety Consultants (Homeland), commenced this action alleging injuries sustained at a demolition and construction project. The property was owned by defendant 2147 Second Avenue LLC (Second Ave). Second Avenue retained GSA to serve as architect of record for the project and third-party defendant Shan Construction, Inc. (Shan Construction) to serve as general contractor. By contract dated June 22, 2008, Second Avenue hired Sunshine to replace Shan Construction as general contractor.
Liability cannot be imposed upon defendant GSA as the project architect, since there is no evidence that GSA committed an affirmative act of negligence, and there is no provision in its contract creating a clear obligation explicitly running to and for the benefit of the workers (see Walker v Metro-North Commuter R.R., 11 AD3d 339, 341 [1st Dept 2004]; Ohadi v Magnetic Constr. Group Corp., 182 AD3d 474, 477 [1st Dept 2020]). Liability cannot be imposed on Sunshine, which established that it was not on site as a general contractor or manager until after the date of plaintiff's accident. Sunshine's contract, while signed in June 2008, was silent as to the commencement date. An affidavit by the project owner's principal stated that Sunshine did not begin its contractual obligations until after plaintiff's accident, and the affidavit was supported by documentary evidence and testimony by Sunshine's principal. Plaintiff had no knowledge of when Sunshine came onto the project and further testified that he had no knowledge of ever interacting with anyone from that company.
The motion court correctly denied plaintiff summary judgment on his Labor Law § 240(1) claim, since plaintiff had never properly asserted the claim. It was not pleaded in any of his complaints. Plaintiff's assertion of the claim in a supplemental bill of particulars served nearly eight years after the accident does not avail him, since the purpose of a bill of particulars is to amplify pleadings, not add a new theory or cause of action (see Paterra v Arc Dev. LLC, 136 AD3d 474 [1st Dept 2016]; see also Greenwood v Whitney Museum of Am. Art, 161 AD3d 425, 426 [1st Dept 2018]).
In light of the foregoing, we need not reach plaintiff's and defendant Second Avenue's remaining arguments for affirmative relief. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022