## NTL Capital LLC v Brooklyn Comprehensive Care Ctr., Inc.

2024 NY Slip Op 32979(U)

August 20, 2024

Supreme Court, Kings County

Docket Number: Index No. 506587/2019

Judge: Wavny Toussaint

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 70 of the Supreme Court
of the State of New York, held in and for the
County of Kings, at the Courthouse, at 360
Adams Street, Brooklyn, New York, on the
20th day of August, 2024.

P R E S E N T :

HON. WAVNY TOUSSAINT
                    Justice

---

NTL CAPITAL LLC d/b/a NTL MAMAGEMENT LLC,
As assignee of CITIBANK, N.A.,

                    Plaintiff,

        - against -

BROOKLYN COMPREHENSIVE CARE CENTER, INC.
and LUCY JANE GAMBARIAN, AS EXECUTOR OF THE
ESTATE OF ARMEN GAMBARIAN,

                    Defendants.

Index No.: 506587/2019

**ORDER**

---

| The following papers numbered 1 to   read herein | Papers Numbered |
|---|---|
| Notice of Motion/Order to Show Cause/ and Affidavits (Affirmations) Annexed | 72-86 |
| Cross Motion and Affidavits (Affirmation) Annexed | |
| Answers/Opposing Affidavits (Affirmations) | 90-94 |
| Reply Affidavits (Affirmations) | 95-96 |
| Affidavit (Affirmation) | |
| Other Papers | |

Upon the foregoing papers, plaintiff moves (Seq. 03) for an order, pursuant to CPLR

§ 3212, granting summary judgment dismissing the verified answers of defendants

Brooklyn Comprehensive Care Center, Inc. ("BCCC") and Estate of Armen Gambarian

(collectively the "defendants"). The defendants oppose.

On June 10, 2009, defendant BCCC (and individual guarantors Armen Gambarian

and Maria Starovoyt) executed a Business Credit Account Agreement with Citibank, N.A.

[* 1]

("Citibank") for a $400,000 credit arrangement (the "Citibank Loan"). The Citibank Loan was assigned to plaintiff on February 27, 2013. Thereafter, plaintiff entered into a Modification Agreement with defendants dated March 20, 2013, establishing new terms for the credit arrangement. Citibank was not a party to the Modification Agreement. Having failed to meet their payment obligations under the Modification Agreement, plaintiff sent defendants a Notice of Default dated January 30, 2019 (the "default letter"). Defendants did not cure the default and plaintiff initiated this action by summons and complaint filed on March 26, 2019 (later amended on or about January 16, 2024). Both guarantors are now deceased, with Marya Starovoyt having died on December 21, 2018, and Armen Gambarian on August 6, 2019. Inasmuch as Marya Starovoyt's death pre-dates the commencement of this action, all claims against her have been dismissed by Court order dated October 11, 2023 (NYSCEF Doc. No. 62). Lucy Jane Gambarian, as Executor of the Estate of Armen Gambarian, has been substituted as defendant for guarantor Armen Gambarian (*id.*).

The initial complaint (as well as the amended complaint) alleged a breach of the Citibank Loan as the bases for plaintiff's breach of contract, account stated, unjust enrichment and breach of guaranties claims. Plaintiff did not assert any claims alleging a breach of the Modification Agreement On March 22, 2024, plaintiff filed the within motion alleging, *inter alia,* both a breach of the Citibank Loan and the Modification Agreement. Defendants oppose, contending plaintiff sues only in its capacity as assignee of Citibank but provides only proof as to the alleged default of the Modification Agreement, which is at issue. Contrary to plaintiff's contention, its amended complaint

[* 2]

did not allege the theory presented in this motion for summary judgment; namely that defendants breached the terms of the Modification Agreement and were defaulted thereunder.

It is well-settled that summary judgment is not permitted on a claim that was never pled in the complaint (*Mendoza v Manila Bar & Rest. Corp.*, 140 AD3d 934, 935 [2d Dept 2016]; *Valentive v 2147 Second Avenue LLC*, 203 AD3d 531, 532 [1st Dept 2022]). The Second Department has noted an exception, holding that under certain circumstances, "summary judgment may be awarded on an unpleaded cause of action if the proof supports such cause and if the opposing party has not been misled to its prejudice" (*FPG CH 94 Amity, LLC v Pizzarotti, LLC*, 218 AD3d 654, 655 [2nd Dept. 2023]).

Here, plaintiff does not demonstrate its prima facie entitlement to judgment as a matter of law, as its proof does not support a cause of action for breach of the Modification Agreement. Among other things, plaintiff's supporting witness, Mitchell Domershick (NYSCEF Doc. No. 73; "Domershick"), testified that individual defendant BCCC, as "Borrower", failed to make the required payments under the Modification Agreement (*see id.*, at par. 16), and thus defaulted thereunder. However, Domershick is silent as to whether any of the guarantors also were in default, having failed to make the requisite payments as well. Finally, plaintiff does not demonstrate lack of prejudice to defendants who would be forced, after five years of litigation, to defend against a new and distinct cause of action devoid of any connection to that stated in the amended complaint. For these reasons, summary judgment may not be awarded on this unpled cause of action. As plaintiff did not establish its prima facie case, the sufficiency of defendants' opposition is immaterial

3

[* 3]

(*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In light of the foregoing, the Court need not address plaintiff's remaining arguments for affirmative relief.

Accordingly, it is hereby

**ORDERED,** that plaintiff's motion (Seq. 03) for an order, pursuant to the CPLR § 3212, granting summary judgment dismissing the verified answers of defendants Brooklyn Comprehensive Care Center, Inc. and Estate of Armen Gambarian, is denied in every respect.

All relief not specifically granted herein has been considered and is denied.

This constitutes the decision and order of the Court.

For Clerks use only
MG___
MD _X_
Motion Seq. 3

E N T E R

_____
JSC

HON. WAVNY TOUSSAINT
J. S. C.

KINGS COUNTY CLERK
FILED
2024 AUG 21 A 11: 52

4