People v Massie (2026 NY Slip Op 00319)

People v Massie

2026 NY Slip Op 00319

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

SCI No. 70566/24|Appeal No. 5651|Case No. 2024-05016|

[*1]The People of the State of New York, Respondent,
vAkim Massie, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Cori Weston, J.), rendered February 9, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a firearm and menacing in the second degree, and sentencing him to concurrent terms of three years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring defendant "to refrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation," and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]), which forecloses our review of his excessive sentence claim. Although neither the oral colloquy nor the written waiver advised defendant of his right to counsel on appeal, the court did not imply that by waiving the right to appeal, defendant would forfeit his right to appellate counsel for claims that survived the waiver (see People v Santiago, 242 AD3d 519 [1st Dept 2025]). In any event, we perceive no basis for reducing the sentence.
Defendant's claim that probation conditions 7 and 25 are unconstitutional is unpreserved (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied
44 NY3d 1012], and we decline to it in the interest of justice. As an alternative holding, we find this argument to be unavailing (see People v Carrasquillo, 242 AD3d 424 [1st Dept 2025]).
Defendant's statutory challenge to the two conditions of probation, however, survives his waiver of appeal and is not subject to preservation requirements (Lowndes at 575). As to condition 7, we find that the court providently exercised its discretion in imposing it, especially in light of defendant's possession of a firearm and his criminal history (see People v Chance, 242 AD3d 496 [1st Dept 2025]; Lowndes at 575). However, condition 25 must be stricken because "[t]here is no evidence that defendant's actions were connected to gang activity, or that defendant had a history of gang membership" (People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026