Morales v New York City Hous. Auth. (2026 NY Slip Op 00319)

Morales v New York City Hous. Auth.

2026 NY Slip Op 00319

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Index No. 814817/23|Appeal No. 5682|Case No. 2025-00703|

[*1]Heidy I. Morales, Plaintiff-Respondent,
vNew York City Housing Authority, Defendant-Respondent, Omni New York LLC et al., Defendants-Appellants.

Miranda Slone Sklarin Verveniotis, LLP, Mineola (Andrew B. Kaufman of counsel), for appellants.
Harris Keenan & Goldfarb PLLC, New York (Edwin Rahimi of counsel), for Heidy I. Morales, respondent.
Newman Myers Kreines Harris, P.C., New York (Gretchen A. Becht of counsel), for New York City Housing Authority, respondent.

Order, Supreme Court, Bronx County (Ashlee Crawford, J.), entered on or about January 7, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Omni New York LLC, The Arker Companies, Dabar Development Partners, and UAC Pact Housing Development Fund Corporation for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff commenced this action alleging injuries sustained after she tripped and fell on construction debris left in the interior hallway of her apartment building. Defendants argued that they did not own, maintain, or perform construction in the building on or before the date of plaintiff's accident. However, according to plaintiff a few weeks prior to her accident defendants held a meeting for the building residents to discuss the timeline for renovations and the transition of management.
Supreme Court properly denied defendants' motion for summary judgment. Defendants failed to establish their prima facie case that they did not cause or create the alleged defect that caused plaintiff to trip and fall (see O'Connor v Tishman Constr. Corp., 182 AD3d 502, 503 [1st Dept 2020]). The nonparty affidavit submitted by defendants in support of their motion has no probative value because it was not made based on the affiant's personal knowledge or based on identifiable business records (see Muslar v Hall, 214 AD3d 77, 81 [1st Dept 2023]; cf. Valentine v 2147 Second Ave. LLC, 203 AD3d 531, 531-532 [1st Dept 2022]). The affiant failed to sufficiently establish the basis for his statement that no work was performed by defendants until after plaintiff's accident (see Muslar, 214 AD3d at 81). In light of the foregoing, we need not address the sufficiency of plaintiff's opposition because the burden never shifted from defendants.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026