| Yun Feng v Wong |
| :---: |
| 2026 NY Slip Op 30914(U) |
| March 11, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 805078/2021 |
| Judge: Kathy J. King |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. KATHY J. KING**      PART     06

*Justice*

------------------------------------------------------------X

YUN FENG, and JIAN WANG,

         Plaintiffs,

- v -

TIMOTHY WONG, M.D., JANE DOE, ADVANCED GASTROENTEROLOGY PRACTICE, PLLC, HOWARD REYNOLDS, M.D., JUN LI ANESTHESIA ASSOCIATED, P.C.,

         Defendants.

------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805078/2021 |
| MOTION DATE | 09/02/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 112, 113

were read on this motion to/for            DISCOVERY           .

Upon the foregoing documents, Plaintiff moves for an Order pursuant to CPLR 3124 compelling Defendants to provide full and competent responses to Plaintiff's demands for discovery and inspection.

Defendants oppose Plaintiff's motion and cross-move for an Order Pursuant to CPLR 3103, granting a protective order as to the production of employment records pertaining to Ms. Karen Zhang and Ms. Emily Chang, and to preclude Plaintiffs from attempting to interpose a new cause of action (negligent hiring claim) in the Supplemental Bill of Particulars of August 15, 2025 that was never pled as a separate cause of action in the Complaint.

## BACKGROUND

This medical malpractice action arises out of medical services provided to Plaintiff Yun Feng ("Plaintiff") by Defendants on August 29, 2020. Plaintiff alleges that she sustained personal injuries resulting from a fall following an endoscopy procedure performed at a facility owned and/or operated by Defendants.

**805078/2021 FENG, YUN vs. LENNOX BROWN, M.D.**
**Motion No. 003**

**Page 1 of 5**

1 of 5

The action commenced by the filing of a Summons and Verified Complaint on March 9, 2021. Defendants Timothy Wong, M.D. and Advanced Gastroenterology Practice, PLLC joined issue by service of an Answer on April 16, 2021. Defendant Howard Reynolds, M.D., interposed an Answer on May 13, 2021. By Order of the Court, this action was consolidated with a related matter under Index No. 805189/2021.[1]

A Request for Judicial Intervention was filed on June 3, 2021. Since that time, the parties have participated in several court conferences, including a Preliminary Conference on June 1, 2022, and subsequent Compliance Conferences on October 6, 2022, March 27, 2025, May 22, 2025, and August 21, 2025.

Following the completion of depositions of all named parties, Plaintiff served Post-EBT Demands dated July 23, 2025, which sought:

1. The employment records of non-parties Karen Zhang and Emily Chang;

2. The last known addresses for Karen Zhang and Emily Chang; and

3. A Discovery and Inspection for entry upon the facility premises for the purposes of inspection and photography.

On August 11, 2025, Defendants served a response to these demands, interposing various objections. On August 13, 2025, Defendants provided a last known address for Karen Zhang. On August 15, 2025, Plaintiff served a Supplemental Bill of Particulars. On August 21, 2025, Defendants provided the employment status of Emily Chang via correspondence.

The Court's August 21, 2025, Order addressed the remaining disputed items, noting that Plaintiff requested permission to move to compel the employment records of Karen Zhang and Emily Chang by September 12, 2025. That Order further directed that Defendants have until the

---

[1] On July 25, 2023, the Court granted a motion by counsel for Defendant Jun Li Anesthesia Associated, P.C. to withdraw; subsequently, the action against said entity was discontinued with prejudice via stipulation dated March 13, 2025.

**805078/2021  FENG, YUN vs. LENNOX BROWN, M.D.**
**Motion No.  003**

**Page 2 of 5**

next status conference, scheduled for December 12, 2025, to advise if they would provide photographs and diagrams of the office suite in lieu of a physical on-site inspection.

Plaintiff now moves to compel the outstanding discovery, and Defendants cross-move for a protective order and to preclude certain claims set forth in the Supplemental Bill of Particulars.

## DISCUSSION

In support of the motion, Plaintiff asserts that the requested materials are material and necessary to the prosecution of this action. Plaintiff contends that the disclosure is required not only by the broad discovery mandates of CPLR 3101(a), but also by the explicit directives of this Court. Plaintiff points to three separate Court orders—dated March 27, 2025, May 22, 2025, and August 21, 2025—which Plaintiff characterizes as mandates for the production of these specific items.

Regarding the employment records, Plaintiff relies on the Court's August 21, 2025 directive, asserting that the Court set a firm deadline of September 12, 2025, for Defendants to provide said records. Plaintiff argues that Defendants' refusal to produce these files, despite the expiration of that deadline, constitutes a direct violation of a Court order. Plaintiff further maintains that the continued withholding of this discovery is prejudicial, as it obstructs Plaintiff's ability to sufficiently prepare the case for trial.

In the alternative, should Defendants fail to comply with a further order to compel, Plaintiff moves for sanctions under CPLR 3126. Plaintiff argues that the drastic remedies of precluding evidence or striking Defendants' pleadings are appropriate here, as Defendants' conduct represents a willful and contumacious failure to adhere to both the uniform rules of discovery and the specific stipulations and orders of this Court.

In opposition to Plaintiff's motion and in support of their cross-motion, Defendants contend the motion to compel is moot, asserting they have already provided the requested protocols, Karen

805078/2021  FENG, YUN vs. LENNOX BROWN, M.D.
Motion No.  003

Page 3 of 5

Zhang's last known address, since she is no longer employed by Defendants, and Emily Chang's employment status. Defendants argue Plaintiff mischaracterizes the Court's August 21, 2025 Order, which they claim merely established a briefing schedule rather than a production mandate. Substantively, Defendants seek a protective order under CPLR 3103, arguing that the personnel records of non-parties Zhang and Chang are privileged under NY Education Law 6527(3) and NY Public Health Law 2805-m. They maintain that Plaintiff has failed to show how these records are "material and necessary," characterizing the demand as an overbroad "fishing expedition" for irrelevant and private data (*see Conway v Bayley Seton Hosp.*, 104 AD2d 1018 [2d Dept 1984]).

Furthermore, Defendants move to preclude Plaintiff from asserting a negligent hiring claim first raised in a Supplemental Bill of Particulars dated August 15, 2025. They argue that a Bill of Particulars cannot be used to introduce new theories of liability not alleged in the original Complaint (*see Paterra v Arc Dev. LLC*, 136 AD3d 474 [1st Dept 2016]). Finally, Defendants object to a physical inspection of the facility, asserting that Plaintiff failed to lay a proper foundation regarding the relevance of the premises' current condition to the 2020 incident and citing potential privacy risks to current patients.

Accordingly, and upon consideration of the foregoing documents, it is hereby

**ORDERED** that that Plaintiff's motion to compel is granted only to the extent that, within thirty (30) days of service of this Order with Notice of Entry, Defendants shall produce documentation limited to the qualifications, certifications, and specialized training of non-parties Karen Zhang and Emily Chang specifically pertaining to post-anesthesia monitoring and patient supervision as of August 29, 2020 (CPLR 3101(a); *see Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403 [1968]; *D'Alessio v Nabisco, Inc.,* 123 AD2d 816 [2d Dept 1986]; *see also Orner v Mount Sinai Hosp.,* 305 AD2d 307 [1st Dept 2003]); and it is further

**805078/2021   FENG, YUN vs. LENNOX BROWN, M.D.**
**Motion No.  003**

**Page 4 of 5**

[* 4]                                                        4 of 5

**ORDERED** that the branch of Plaintiff's motion seeking the production of the complete, unredacted personnel files of Karen Zhang and Emily Chang is denied, as the Court finds the demand is overbroad and seeks information protected by NY Education Law 6527(3) and NY Public Health Law 2805-m; and it is further

**ORDERED** that Defendants' cross-motion for is granted as to the new causes of action for "Negligent Hiring, Training, and Supervision" set forth in Plaintiff's Supplemental Bill of Particulars dated August 15, 2025, and said claims are hereby stricken without prejudice to Plaintiff moving for leave to amend the Complaint pursuant to CPLR 3025(b) (*see Paterra v Arc Dev. LLC,* 136 AD3d 474 [1st Dept 2016]; *see also Kolb v Beechwood Sedgewick LLC,* 78 AD3d 481 [1st Dept 2010]); and it is further

**ORDERED** that the branch of Plaintiff's motion seeking a physical on-site inspection of the facility is denied; however, Defendants are directed to provide high-resolution photographs and a floor plan/diagram of the post-endoscopy recovery area as it existed on the date of the incident, with its respective metadata, to the extent such records exist, by the next scheduled conference on April 16th, 2026; and it is further

**ORDERED** that Plaintiff's motion is denied in all other respects; and it is further

**ORDERED** that Defendants' cross-motion is denied in all other respects; and it is further

**ORDERED** that Plaintiff is directed to serve a copy of this Order with Notice of Entry on the Defendants.

This constitutes the Decision and Order of the Court.

| 3/11/2026 | | |
|---|---|---|
| DATE | | KATHY KING, J.S.C |

CHECK ONE:

| | | | | | |
|---|---|---|---|---|---|
| ☐ CASE DISPOSED | | | ☒ NON-FINAL DISPOSITION | | |
| ☐ GRANTED | ☐ DENIED | | ☒ GRANTED IN PART | ☐ OTHER | |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

805078/2021  FENG, YUN vs. LENNOX BROWN, M.D.
Motion No. 003

Page 5 of 5

5 of 5